## JANE B. GUILD *vs.* ELIJAH W. BONNEMORT.

Suffolk. March 15, 1892. — June 22, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Plea in Abatement — Jurisdiction of Cause and Parties — Exceptions.*

Under the Pub. Sts. c. 152, § 10, and c. 153, § 8, the decision of a justice of the Superior Court upon a plea in abatement is final, whether the question be one of law or fact.

The Superior Court had jurisdiction of a cause of action and of the parties, but the judge ruled that the writ was brought in the wrong county. *Held*, that, the question being properly raised by a plea in abatement, the ruling could not be revised by this court.

LATHROP, J. This is an action of tort for personal injuries, and is therefore a transitory action. The writ describes the plaintiff as "residing" at Boston, in the county of Suffolk, and the defendant as of Dedham in the county of Norfolk. The defendant filed three pleas, called "pleas in abatement." The justice of the Superior Court who heard the case found against the defendant on the second and third pleas, but on the first plea decided in his favor; and ordered the action abated. The

first plea, which is the only one now before us, sets forth that the plaintiff, at the time of the commencement of the action, was not a resident of Boston, and had no place of business in Suffolk County, but was a resident of Dedham in the county of Norfolk, and prays that the writ be abated.

The judge found as facts that the plaintiff was a married woman; that at the date of the writ her husband lived in Dedham and had his domicil there; and that before bringing the action the plaintiff, in consequence of trouble with her husband, had left him, with the intention of never returning, and had gone to Boston with the intention of making her home there for the future, and had made it there with a married daughter ever since.

Upon these facts, the judge ruled that the plaintiff lived where her husband lived; and refused to rule, as requested by the plaintiff, that she lived in Boston. The plaintiff seeks to bring this question of law before us by a bill of exceptions; but we are of opinion that we cannot entertain the question.

Under the Pub. Sts. c. 152, § 10, and c. 153, § 8, the decision of a justice of the Superior Court upon a plea in abatement is final, whether the question be one of law or fact. The cases so holding are cited in *Young* v. *Providence & Stonington Steamship Co.* 150 Mass. 550, 554. See also *Rutland County Bank* v. *Johnson*, 155 Mass. 43. This has been the law of this Commonwealth since 1840. Sts. 1840, c. 87, §§ 4, 5; 1855, c. 449, §§ 5, 6; 1859, c. 196, §§ 26, 27. Gen. Sts. c. 114, § 10; c. 115, § 7.

The plaintiff, however, contends that, although the plea in this case is in form a plea in abatement, it is really a plea to the jurisdiction; and it is undoubtedly true, as stated by Mr. Justice W. Allen, in *Allin* v. *Connecticut River Lumber Co.* 150 Mass. 560, 563, that " whether the answer is in abatement must depend upon the substance, and not upon the form of it." In that case it was held that an action of tort for breaking and entering the plaintiff's close, in another State, could not be brought here by a trustee process under the Pub. Sts. c. 183, §§ 1, 3; and that an appeal would lie to this court from the judgment of the Superior Court upon an answer in the form of a plea in abatement. But, as was stated in the opinion in that case, the objection there was

not that an action of which the court had jurisdiction was brought in the wrong county, but that the court had not jurisdiction of the cause of action.

Section 1 of the Pub. Sts. c. 161, is as follows : " Transitory actions, except in cases in which it is otherwise provided, if any one of the parties lives in the Commonwealth, shall be brought in the county where some one of them lives or has his usual place of business ; and if brought in any other county, unless transferred under section twelve, the writ shall abate, and the defendant shall be allowed double costs. If neither party lives in the Commonwealth, the action may be brought in any county."

Section 12 provides that, when it appears that the action is brought in the wrong county, " the court, on motion of either party, may order the same, with all papers relating thereto, to be transferred to the proper county, upon such terms to the defendant as the court may deem reasonable."

Section 1, with the exception of the last sentence, has, in substance, been the law of this Commonwealth since 1784. St. 1784, c. 28, § 13. Rev. Sts. c. 90, § 14. Sts. 1854, c. 322, § 1; 1855, c. 12; 1856, c. 70. Gen. Sts. c. 123, § 1.

The words " the writ shall abate," which were first used in the General Statutes, or the words " the writ shall be abated," which were used in the earlier statutes, show that a plea or answer in abatement is the proper remedy when the action is brought in the wrong county ; and the practice has been accordingly. *Lincoln* v. *Prince*, 2 Mass. 544. *Day* v. *Jackson* 5 Mass. 237. *Hawkes* v. *Kennebeck*, 7 Mass. 461. See also cases *infra*.

The St. of 1782, c. 11, establishing courts of common pleas, provided, in § 6, that " all pleas in abatement . . . shall be made, signed, and filed before the jury is impanelled." In *Cleveland* v. *Welsh*, 4 Mass. 591, the question was directly presented whether a plea in a transitory action, under the St. of 1784, c. 28, § 13, alleging that neither of the parties lived within the county where the action was brought, was a plea to the jurisdiction of the court, or a plea in abatement, which, under the St. of 1782, c. 11, § 6, could only be filed before the jury was impanelled. It was held that it was not a plea to the jurisdiction, but, in the language of Chief Justice Parsons, " a plea in abatement to the writ."

And in *Murphy* v. *Merrill*, 12 Cush. 284, it is said by Chief Justice Shaw, " Where the court have jurisdiction of the parties and of the subject matter, an objection that the action is brought in the wrong county is matter of abatement, to be pleaded, if the objection does not appear on the face of the record; otherwise, to be the subject of a motion to dismiss." See also *Brown* v. *Webber*, 6 Cush. 560; *Hastings* v. *Bolton*, 1 Allen, 529, per Bigelow, C. J.; *Sperry* v. *Ricker*, 4 Allen, 17, 19.

In the case at bar, the court had jurisdiction of the cause of action and of the parties, but, under the ruling of the court, the writ was brought in the wrong county. The question in the case being properly raised by a plea in abatement, the ruling of the justice of the Superior Court cannot be revised by us.

*Exceptions dismissed.*

*E. Greenhood*, for the plaintiff.

*W. M. Stockbridge*, (*J. E. Cotter* with him,) for the defendant.