WILLIAM G. HEAVOR *vs.* SAMUEL PAGE, executor:

Suffolk.    March 22, 1894. — March 23, 1894.

Present: HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Answer in Abatement — Decision of Superior Court.*

Under Pub. Sts. c. 152, § 10, and c. 153, § 8, the decision of a justice of the Superior Court upon a question raised by an answer in abatement is final.

CONTRACT, against the executor of the will of Mary R. Popkin, for services rendered at her request. The writ, which was dated May 18, 1891, and returnable to the Superior Court for Suffolk County, described the plaintiff as " of Chelsea " in that county. The defendant answered in abatement, that, at the time of the death of the testatrix, she and the plaintiff each lived and had their usual places of business in Middlesex County, the former in Cambridge and the latter in Everett; and that at the time the action was begun the defendant lived and had his usual place of business in Cambridge, and the plaintiff lived and had his usual place of business in Everett. The plaintiff filed a replication, admitting that, at the time of the death of the testatrix, he lived and had his usual place of business at Everett; and averring that at the time the action was brought he lived in Chelsea.

At the trial in the Superior Court, before *Bond*, J., there was evidence tending to show that Mary R. Popkin had lived in Cambridge during about fifty years prior to her death, and at the time of her death she lived and had her usual place of business in Cambridge; and that at the date of the writ the defendant lived and had his place of business in Cambridge. There was conflicting evidence upon the issue as to where the plaintiff lived at the date of the writ, the plaintiff's evidence

tending to show that he had removed from Everett to Chelsea in the county of Suffolk on May 6, 1891; and the evidence of the defendant tending to show that he had not removed from Everett to Chelsea until after the date of the writ, and had not changed his domicile by such removal.

The defendant proved that he was appointed executor of the will of Mary R. Popkin on May 13, 1890.

The defendant contended that the provisions of Pub. Sts. c. 161, § 2, were imperative, and "may" in this section should be construed as though it read "must" or "shall"; and requested the judge to instruct the jury that, if the plaintiff and Mary R. Popkin respectively lived and had their respective usual places of business in Middlesex County, the one in Cambridge and the other in Everett, at the time of the decease of Mary R. Popkin, the jury must find for the defendant. The judge declined so to instruct the jury; and the defendant excepted. The judge submitted certain questions to the jury, who found as follows:

1. That Mary R. Popkin resided and had her usual place of business in Cambridge at the time of her death.

2. That the defendant resided and had his usual place of business in Cambridge on May 18, 1891.

3. That the plaintiff resided in Chelsea on May 18, 1891.

Upon the return by the jury of these answers, the judge, against the defendant's objection, directed the jury to return a verdict for the plaintiff; and the defendant alleged exceptions.

*D. E. Ware*, for the defendant.

*C. F. Donnelly*, for the plaintiff, was not called upon.

HOLMES, J.  Whatever may be our opinion upon the question sought to be raised by the defendant's exceptions we cannot consider it, as the decision of the justice of the Superior Court was final.  *Guild* v. *Bonnemort*, 156 Mass. 522.  Pub. Sts. c. 152, § 10; c. 153, § 8.

*Exceptions overruled.*