JAMES F. KIMBALL & another *vs.* EDWARD H. SWEET.

Suffolk.   January 26, 1897. — February 27, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, & KNOWLTON, JJ.

*Service of and Return upon Writ — Jurisdiction of Superior Court — Appeal
from Order overruling Motion to Dismiss.*

S. was described in a writ as "of P. in the county of P. and State of Rhode
Island," the officer's return of service reciting that he had attached a chip as
the property of S., and summoned him "by delivering in hand, by direction of
plaintiff's attorney, to W., as the attorney of the said S., a summons of this
writ." S. having appeared specially in the Superior Court, and moved to dis-
miss the action for want of proper service on him, the motion was overruled,
and S. appealed. *Held*, that because the question was one of the jurisdiction
of the court, and on the face of the writ and the return of service indorsed there-
on the Superior Court acquired no jurisdiction over S., the appeal would lie,
and that the action should be dismissed.

APPEAL, from the order of a judge of the Superior Court,
overruling the defendant's motion to dismiss for want of proper
service upon him.   The facts appear in the opinion.

*F. Hutchinson*, (*W. H. Preble* with him,) for the defendant.
*H. R. Bailey*, (*W. R. Sears* with him,) for the plaintiffs.

FIELD, C. J.   The defendant appeared specially in the Su-
perior Court, and moved to dismiss the action "for want of
proper service on the defendant."   This motion was overruled,
and the defendant appealed.   See *Maley* v. *Moshier*, 160 Mass.
415.   The defendant was afterwards defaulted.   The defendant
is described in the writ as " of Providence in the county of Prov-
idence and State of Rhode Island."   The return of service by
the officer is as follows.   " Suffolk, ss.   Boston, June 16th, 1896.
By virtue of this writ I this day attached a chip as the property
of the within named defendant, Edward H. Sweet, and sum-
moned him to appear and answer at court as within directed by
delivering in hand, by direction of plaintiff's attorney, to W. H.
Preble, Esq., as the attorney of the said Sweet, a summons of
this writ.   Robert E. Maguire, Deputy Sheriff."

It seems that generally the decision of a justice of the Superior
Court upon such a motion is final, and that there is no appeal to

this court. Pub. Sts. c. 153, § 8. *Bassett* v. *Howorth*, 104 Mass. 224. *Parker* v. *Kenyon,* 112 Mass. 264. *Houghton* v. *Ware,* 113 Mass. 49. *Kennedy* v. *Langdon,* 123 Mass. 193. *Rutland County National Bank* v. *Johnson,* 155 Mass. 43. *Guild* v. *Bonnemort,* 156 Mass. 522. *Heavor* v. *Page,* 161 Mass. 109.

If W. H. Preble was not in fact the attorney of the defendant to receive service of process according to our statutes, and if judgment should be entered against the defendant, as the defendant is not an inhabitant of the Commonwealth he would have a remedy by writ of error, or, if suit were brought on the judgment, by plea and proof. See Pub. Sts. c. 161, § 31 ; c. 164, § 4 ; *Eliot* v. *McCormick,* 144 Mass. 10 ; *Needham* v. *Thayer,* 147 Mass. 536.

The question in the present case goes to the jurisdiction of the court over the defendant. The service of the writ does not purport to be on any person known to the officer to be the attorney of the defendant, as authorized by Pub. Sts. c. 161, § 31, or on any person who appears as the attorney of the defendant in any action brought by him against the present plaintiff, as authorized by Pub. Sts. c. 164, § 4. Without considering whether service in accordance with the provisions of either of these sections would be sufficient under the recent decisions of this court which are cited above, and which follow the decisions of the Supreme Court of the United States upon the effect of the fourteenth article of the Amendments of the Constitution of the United States, we are of opinion that the appeal lies, and that the action should be dismissed, because on the face of the writ and of the return of service indorsed on it the Superior Court acquired no jurisdiction over the defendant. See *Allin* v. *Connecticut River Lumber Co.* 150 Mass. 560 ; *Merrill* v. *Beckwith,* 163 Mass. 503.

*So ordered.*