JAMES F. KIMBALL & another *vs.* EDWARD H. SWEET.

Suffolk.   November 12, 1897. — March 29, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Writ — Foreign Defendant — Jurisdiction of Superior Court.*

S., a citizen of another State, brought in the Superior Court against K. an action still pending, in which P. was and is attorney for S.   In the present case the plaintiffs are K. and H., formerly copartners, and the defendant is S., described in the writ as of the other State.   After a former decision in this case by the full court, the plaintiffs were allowed to amend their writ by alleging that this was a cross action to the original action above described; that P. was and still is attorney for S., and that the demands in the two cases were of such a nature that the judgment or execution in the one case could be set off against the judgment or execution in the other.   By order of court, service of the writ was had upon P., but no other service was made upon S., nor was any attachment of his property made.   P. appeared specially for S., and moved to dismiss the action for want of jurisdiction.   The motion was denied, and the defendant appealed.   *Held,* that the motion should have been granted.

APPEAL, from the order of a judge of the Superior Court, overruling the defendant's motion to dismiss for want of proper service upon him.   The facts appear in the opinion.

The case was argued at the bar in November, 1897, and afterwards was submitted on briefs to all the justices.

*F. Hutchinson,* for the defendant.

*H. R. Bailey,* (*W. R. Sears* with him,) for the plaintiffs.

LATHROP, J.   The question presented in this case arises on the following state of facts.   Edward H. Sweet, a citizen of Rhode Island, brought an action in the Superior Court for the County of Suffolk, against James F. Kimball, which action is still pending.   In that action William H. Preble, Esq. was and is the attorney for the plaintiff.   In the case now before the court the plaintiffs are James F. Kimball and Charles M. Howe, formerly copartners, and the defendant is Edward H. Sweet, who is described in the writ as of Rhode Island.   After the former decision in this case, *Kimball v. Sweet,* 168 Mass. 105, the plaintiffs were allowed to amend their writ by alleging that this was a cross action to the original action above described; that Mr.

Preble was and still is attorney for Sweet; and that the demands in the two cases were of such a nature that the judgment or execution in the one case could be set off against the judgment or execution in the other. By an order of court, service of the amended writ was had upon Mr. Preble, but no other service was made upon Sweet, nor was any attachment of his property made. Mr. Preble appeared specially for Sweet, and moved to dismiss the action for want of jurisdiction. This motion was denied, and the case is before us on the defendant's appeal.

We are of opinion that the Superior Court had no jurisdiction of the present action, and that it should have been dismissed upon the defendant's motion.

The Pub. Sts. c. 164, § 1, expressly provide: "No personal action shall be maintained against a person who is out of the Commonwealth at the time of the service of the summons, unless he had before that time been an inhabitant of the Commonwealth, or unless an effectual attachment of his goods, estate, or effects is made on the original writ, except in cases in which it is otherwise specially provided."

Section 2 allows an action in set-off, where an action is brought by a person who is not an inhabitant of the Commonwealth, by the defendant in the first action.

Section 3 allows each of several defendants in the original action to bring a cross action against the original plaintiff.

Section 4 allows the writ in such cross action to be served on the person who appears as the attorney of the plaintiff in the original action.

Sections 1–3 clearly show that the cross action can only be between the parties to the original action. The question before us is as to the jurisdiction of the court over the defendant, and not as to the power of the court to allow a set-off where it has jurisdiction of all the parties. As the court had no jurisdiction over the defendant, the motion to dismiss the writ should have been granted, and the order overruling such motion must be reversed.

*So ordered.*