PURITAN TRUST COMPANY *vs.* JAMES J. COFFEY & another, administrator.

Middlesex. January 8, 1902. — February 27, 1902.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Practice, Civil. Abatement. Partnership.*

The decision of a trial judge upon a question of procedure and not of jurisdiction raised by a plea in abatement is final.

In an action on a promissory note signed in a firm name, it appeared, that one of the defendants borrowed money from the plaintiff for his individual use and gave the note therefor, signing without authority the name of a partnership to which he had formerly belonged but which had ceased to exist several years before. No notice of the dissolution of the partnership ever had been given by publication or otherwise and there was no evidence of a general notoriety of the dissolution, but the plaintiff had never heard of or dealt with the firm while it existed. *Held,* that these facts did not require a judge, trying the case without a jury, to find or to rule that the other member of the partnership was bound by the note.

CONTRACT on a promissory note for $8,000 signed " Coffey Bros." and " John H. Coffey " against James J. Coffey, alleged surviving partner of the firm of Coffey Brothers, and Nathan D. Pratt, administrator of the estate of John H. Coffey. Writ dated April 17, 1900.

The defendant Pratt filed a plea in abatement on the ground of misjoinder of parties.

In the Superior Court, the case was tried before *Hardy*, J.,
without a jury. He overruled the plea in abatement, and refused
to rule that the action could not be maintained against the de-
fendant Pratt alone. He found and ruled, that the defendant
James J. Coffey was not liable on the note and that the defend-
ant Pratt, as administrator of John H. Coffey, was liable for the
amount of the note with interest. At the request of the parties,
the judge reported the case for determination by this court. If
the rulings were right, judgment was to be entered in accordance
with the findings of the judge; if wrong, such judgment was to
be entered as law and justice might require.

*I. McD. Garfield*, for the plaintiff.

*W. H. Anderson & J. J. Kerwin*, for James J. Coffey, sub-
mitted a brief.

*J. J. Devine*, for the administrator of the estate of John H.
Coffey.

BARKER, J.   The writ commands the attachment of the goods
or estate of James J. Coffey, and also of the goods or estate of
John H. Coffey, deceased, in the hands and possession of Nathan
D. Pratt, administrator of the estate of John H. Coffey, and also
the summoning of the said defendants, to appear and answer to
the suit.

The declaration is upon a promissory note alleged to be a joint
and several note of the firm of Coffey Brothers and of John H.
Coffey. It is alleged that the firm of Coffey Brothers consisted
of John H. Coffey and James J. Coffey, and that the latter is
the surviving partner of the firm and the defendant Pratt admin-
istrator of the estate of John H. Coffey deceased.

The Superior Court has tried the case without a jury and after
a finding for the defendant James J. Coffey and a finding for the
plaintiff against the defendant Pratt as administrator has reported
the cause for the determination of this court.

1. The defendant Pratt contends that the action cannot be
maintained against him because he was joined with the defend-
ant Coffey. This question is not now open. It was raised by
the defendant Pratt by his plea in abatement; and not being a
question of jurisdiction but of procedure merely, the order of the
Superior Court overruling the plea was final. Pub. Sts. c. 152,
§ 10.   Pub. Sts. c. 153, § 8.   *Guild* v. *Bonnemort*, 156 Mass. 522.

*Heavor* v. *Page*, 161 Mass. 109.    See *Allin* v. *Connecticut River Lumber Co.* 150 Mass. 560 ;  *Kimball* v. *Sweet*, 168 Mass. 105.

2.  If we assume that the report states all the evidence which was introduced at the trial still the court was not bound to give the ruling requested by the plaintiff that upon the pleadings and the evidence the defendant Coffey was liable upon the note.

The firm of Coffey Brothers was made up in the year 1870 for the sale of groceries and provisions and the business was sold out in the year 1893.    After the sale John H. Coffey was employed in a brewery and James J. Coffey took up a jobbing business and cared for real estate in which both himself and John H. were interested.    As between themselves there were some unsettled matters growing out of their firm business in the sale of groceries and provisions, but upon the evidence it would have been competent to find that there was no copartnership between them after the sale of 1893.    In 1897 John H. Coffey borrowed money of the plaintiff upon a note signed "Coffey Bros.   John H. Coffey."    The plaintiff does not contend that it had ever had dealings before this with the firm of Coffey Brothers, or that that firm or James J. Coffey had any interest in the money borrowed upon the note of 1897.    That note was upon six months time.    At its maturity a payment was made upon it and a renewal note given to the plaintiff for the balance.    There were several successive renewals of which the note in suit was the last, and all the renewals bore the same signatures, which were made by John H. Coffey without the knowledge of and without any authority from James J. Coffey, who has never received any part of the money for which any of the notes were given, and who when he learned of the notes denied his liability and also denied that any partnership had existed since 1893.

No notice of the dissolution of the partnership which existed up to 1893 was ever given by publication or otherwise, and although it is not so stated in the report we may assume in favor of the plaintiff as is asserted in its brief that no evidence was introduced at the trial of a general notoriety of the dissolution.

But the evidence tended to show that the money for the loan of which the plaintiff's original note was given in 1897 was lent to John H. Coffey for his individual use.    Even if the partnership had then existed the giving of the note would not have been

in the usual course of its business, and there was no evidence that the plaintiff had ever heard of or dealt with the firm while it was in existence.   The fact that no notice had been given of the dissolution of a partnership which had in fact ceased some years before the first note was made, and with which while it existed the plaintiff had never dealt did not require the judge to find or to rule that the defendant James J. Coffey was liable upon the note in suit, made without his knowledge or authority, and in a transaction which had no relation whatever to the business of the former firm or to the settlement of its affairs between the late partners.   *Whitman* v. *Leonard,* 3 Pick. 177.   3 Kent, Com. 66.

*Judgments upon the findings.*