# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS

---

BLUFF CITY LUMBER COMPANY *v.* BANK OF CLARKSVILLE.
(Two cases).

Opinion delivered May 2, 1910.

1. CORPORATION—POWER TO FORM PARTNERSHIP.—Where a corporation formed a partnership with individuals and entered into contracts in furtherance of the object of its creation, it will be liable to third persons who contracted with the firm. (Page 5.)

2. PARTNERSHIP—NOTICE OF DISSOLUTION.—The retiring members of a dissolved partnership continue liable to creditors who deal with the remaining members upon the faith of the firm's continued existence and without notice of its dissolution. (Page 6.)

3. DEEDS—RECORD AS NOTICE.—The record of a deed is constructive notice only of that for which it is required, but not, for example, of the dissolution of a partnership. (Page 6.)

Appeal from Johnson Circuit Court; *Hugh Basham,* Judge; reversed in part.

*Austin & Danaher, Cravens & Covington* and *R. W. McFarlane,* for appellants.

The admission of the fact of partnership by one of the alleged partners is not receivable in evidence against any of the others to prove the partnership. 29 Ark. 526. That relation can only exist by virtue of a contract between the parties. 49 Ill. 439; 41 Ore. 617. A corporation cannot become a partner with an individual. 141 Mich. 604; 133 Fed. 462; 66 C. C. A. 336. One holding himself out as a partner does not thereby render himself liable except to those who have extended credit on the strength of it. 80 Ark. 96; 32 Ark. 733; 29 Ark. 512;

60 Ill. 484. The true test of partnership is the intention of the parties. 63 Ark. 525.

*Patterson & Ragon, J. T. Bullock* and *Sellers & Sellers,* for appellees.

If appellants agreed to become partners, as to third parties they are liable as such. 2 Ark. 346; 5 Ark. 61; 28 Ark. 59; 29 Ark. 512; 32 Ark. 733. When a partnership is once shown to exist, it is presumed to continue until notice is given of its dissolution. 74 Ark. 437; 20 Ark. 171. Since the instructions copied are not shown to be all that were given, the question as to whether the jury were properly instructed is not before the court. 28 Ark. 549; 46 Ark. 207. The bill of exceptions must be filed with the clerk within the time allowed. 66 Ark. 312; 72 Ark. 264.

BATTLE, J. The Bank of Clarksville brought an action against Clarksville Lumber Company, alleging that it was a corporation organized under the laws of Arkansas, and that the defendant was a partnership composed of Bluff City Lumber Company, a corporation, J. F. Rutherford, D. T. Reynolds and others, and from 1906 until September, 1909, was engaged in buying and selling lumber and building material in the town of Clarksville, in this State; that soon after defendant began business, as alleged above, it opened an account with the plaintiff, and from time to time borrowed sums of money from it until the 5th day of October, 1907, when it executed its two promissory notes to plaintiff for the sum of $500 each, due and payable, respectively, the 5th and 30th days of January, 1908, and bearing ten per centum per annum interest from maturity until paid. The prayer of the complaint was for $1,000 and interest.

To this complaint Rutherford and Bluff City Lumber Company separately answered, and denied the foregoing allegations.

E. O. Strong and Dwight Strong, partners doing business under the firm name and style of E. O. Strong & Son, brought an action against the same parties, and made the same allegations as to the Clarksville Lumber Company as contained in the complaint of the Bank of Clarksville, and alleged that they became indebted to them in the sum of $964.43 as principal, for lumber material purchased at various times, as evi-

denced by two notes for $250 each, dated 8th day of November, 1907, payable, respectively, the 5th and 20th days of January, 1908, by a note for $248.62, dated November 8, 1907, and due February 5, 1908, by a note for $215.81, dated April 20, 1908, and due sixty days after date, all of which notes bear ten per cent. per annum interest from date until paid. The prayer of this complaint was for $946.43 and interest.

The defendants, J. F. Rutherford and Bluff City Lumber Company, answered and denied the allegations of the complaint of E. O. Strong & Son.

It being conceded by the parties in these actions that the only issue therein was whether or not the defendants were liable as partners, the actions were tried together, by consent, upon that issue in a trial by a jury, with directions to them to find for or against the defendants in each case, which was done, and a verdict was returned in one case in favor of Bank of Clarksville and J. F. Rutherford and against Bluff City Lumber Company, and a judgment was accordingly rendered, and a verdict was returned in the other case in favor of E. O. Strong & Son and against Rutherford and Bluff City Lumber Company, and a judgment was rendered upon the verdict. The Bluff City Lumber Company appealed from the judgment against it in both cases, and Rutherford from the judgment against him in the latter.

Was the evidence adduced in the trial of the two actions sufficient to sustain the verdicts of the jury?

The Bluff City Lumber Company was a corporation engaged in the sale of lumber. J. B. York, Robert York, M. F. Rutherford and J. F. Rutherford were its principal stockholders. Some time in 1905 or 1906 D. F. Reynolds undertook to establish a lumber yard and a business in lumber at Clarksville, in this State. Reynolds had little money, and needed help. He endeavored to enlist J. F. Rutherford, one of the Yorks, and one Samstag, another stockholder of the Bluff City Lumber Company. Reynolds contributed $1,000 to the enterprise. That much of an interest was acquired—he was the owner. The negotiation for the promotion of a company seems to have drifted from the stockholders to the corporation itself. In a short time the company was in progress. It had assumed the name of its locality—Clarksville Lumber Company. Reynolds:

was representing Bluff City Lumber Company as maintaining the business. On the faith of such representation debts were contracted, the debts sued on in these cases being a part of them. The Bluff City Lumber Company apparently accepted the proposition to enter into the proposed partnership by taking joint control with Reynolds of the business; receiving at its principal place of business at Pine Bluff, Arkansas, from the Clarksville Lumber Company daily reports of its business and "a trial balance" at the end of each month, and furnishing the new company with all necessary stationery, such as letter heads, envelopes, books, etc. There is no evidence that Reynolds ever parted with his interest in the business. On the 5th day of April, 1907, the Bluff City Lumber Company disposed of its interest by executing the following instrument of writing:

"This agreement entered into at Pine Bluff, Arkansas, the 5th day of April, 1907, by and between the Bluff City Lumber Company, a corporation, party of the first part, and D. T. Reynolds, E. T. Reynolds and A. D. Reynolds, parties of the second part.

"Witnesseth That, whereas, the Clarksville Lumber Company is now indebted to the party of the first part in the sum of fourteen thousand nine hundred and fourteen dollars and ninety-six cents, as is evidenced by their twenty-five promissory notes as follows: * * * All of said notes bearing interest from date until paid at the rate of eight per cent. per annum. That, whereas, the party of the first part has this day agreed to sell to the parties of the second part the entire business known and now conducted under the firm name of Clarksville Lumber Company, at Clarksville, Johnson County, Arkansas, in consideration of the payment of the above indebtedness upon the following terms, * * * with interest thereon at the rate of eight per cent. per annum from the respective dates of said notes until paid.

"Now, therefore, the said party of the first part does hereby agree, upon the payment of the named amounts, to execute a bill of sale of the said Clarksville Lumber Company, including the stock of lumber on hand, all buildings and machinery, tools, appliances, accounts, choses in action and other evidence of indebtedness. It is, however, understood and agreed that the parties of the second part shall execute to the parties

of the first part a proper deed of trust conveying the above named property and also a farm consisting of one hundred and fourteen acres of land, situated along the east side of the town of Clarksville, as security for the payment of the notes herein named. Upon payment of the amounts herein specified, with interest, said deed of trust is to be satisfied and surrendered.

"It is also understood and agreed that, so far as the profits arising from conducting the business of the said Clarksville Lumber Company are concerned, said business shall be held to belong to the said parties of the second part from this day, and such profits shall be theirs, subject to the payment, however, of the above named notes.

                    "Bluff City Lumber Company."

How did it acquire the interest in the property it undertook to sell? There is no evidence that it purchased it. The jury might have inferred that he acquired it through a course of partnership dealings. This is supported by the use of the following language in the instrument: "The entire business known and now conducted under the firm name of Clarksville Lumber Company, at Clarksville, Johnson County, Arkansas," thereby impliedly acknowledging that the business was a partnership, and it was a partner. After this sale to the Reynoldses the Clarksville Lumber Company furnished its own stationery, and printed upon its letter heads the names of those composing it, and ceased to furnish the Bluff City Lumber Company with daily reports of its business and monthly balance sheets, although the Reynoldses still remained greatly indebted to it. These facts, although by no means satisfactory, furnish some evidence to sustain the verdict against Bluff City Lumber Company. It was not sufficient, however, to sustain the verdict against Rutherford. He was not connected with the Clarksville Lumber Company except by his relation of stockholder and officer to the Bluff City Lumber Company.

But it is said that it was beyond the power of Bluff City Lumber Company to form a partnership with individuals. The contracts with the appellees, Bank of Clarksville and E. O. Strong & Son, have been performed on their part, and were the transactions of such business for which the Bluff City Lumber Company was created, and was presumably for its benefit, as it enabled it to dispose of a part or much of its goods.

Under such circumstances the corporation is liable for the contracts. *Cleveland Paper Co.* v. *Courier Co.*, 67 Mich. 152, 158; 1 Clark & Marshall on Private Corporations, § 185, sub. d. and cases cited.

It is said that the notes sued on were executed after the partnership was dissolved. But they were renewals of other notes and for an indebtedness created before the dissolution. The creditors had dealings with the old firm, and had no notice of the dissolution before the indebtedness sued for was incurred, and hence were not affected by the dissolution. *Rector* v. *Robins*, 74 Ark. 437.

The court refused to instruct the jury as follows at the request of the defendant:

"XI. You are instructed that when the deed of trust introduced in evidence was executed and filed for record, conveying the property of the Clarksville Lumber Company and the real estate of the defendants, D. T., A. D. and E. T. Reynolds, to secure the indebtedness of the Bluff City Lumber Company, the filing of the said deed of trust was notice of its contents to every one, and the plaintiffs cannot plead ignorance of its contents."

The appellants contend that the trial court erred in refusing to so instruct; but it did not. The record of a deed is only constructive notice of that for which it is required. As it is not required to give notice of the dissolution of partnership, it does not subserve that purpose. Kirby's Dig., § 762.

Judgment in both cases against Bluff City Lumber Company is affirmed; and the judgment against Rutherford is reversed, and the action instituted by E. O. Strong & Son is dismissed as to him.