RAYWINKLE v. THE SOUTHERN COAL COMPANY.

Opinion delivered March 1, 1915.

PARTNERSHIP—LIABILITY OF RETIRING PARTNER.—A retiring partner is not required to give notice so as to relieve himself from liability to those, who for the first time deal with the firm after the dissolution takes place, unless he permits his name to be used in the

transaction of business, or so conducts himself with reference to the firm's transactions as to induce the belief in those dealing with the firm, that he is still a member.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; reversed.

### STATEMENT BY THE COURT.

The Southern Coal Company, a corporation doing business at Memphis, Tenn., sued C. C. Edwards, H. E. Watson, J. M. Devlin, T. E. Devlin and W. D. Raywinkle to recover $358.37, for three cars of coal sold by plaintiff to Kensett Ice and Gin Company, a partnership alleged to be composed of the defendants as members. H. E. Watson, C. C. Edwards, J. M. Devlin and T. E. Devlin failed to answer and judgment by default was rendered against them. W. D. Raywinkle filed an answer denying that he was a member of the firm or was indebted to the plaintiff in any sum whatever. The facts are substantially as follows:

The Kensett Ice and Gin Company is a partnership formed in March, 1911, and at the time of its organization W. D. Raywinkle was a member of the partnership. Raywinkle lived in Cleburne County and the partnership was formed for the purpose of erecting an ice plant at Kensett, White County, Arkansas. After the partnership was formed the members proceeded with the erection of the plant but before the erection of the building was completed or the machinery installed the defendant, Raywinkle, on June 9, 1911, disposed of his interest in the firm to his son for $500. No notice that Raywinkle had retired from the firm was published in the papers but it was a matter of common knowledge in the locality where the partnership was formed. After that time Raywinkle had no connection whatever with the business and took no part in the conduct of its affairs. On June 15, 1913, an order was sent to the plaintiff for a car of coal. The order was signed "Kensett Ice and Gin Company, by J. M. Devlin, Manager." Subsequently orders for two more cars of coal were sent to the plaintiff and plaintiff shipped, in all, three cars of coal to the Kensett Ice

and Gin Company.    One was shipped in July, another in
August, and the last in October, 1913.    No other dealings
were had between the plaintiff and the Kensett Ice and
Gin Company.

The secretary of the coal company testified that he
had no acquaintance whatever with the members of the
partnership but left it entirely with the plaintiff's attor-
neys as to who should be sued.    In response to the question,
"State any other facts about which you have any
information which might be of benefit to either party to
this suit," he answered, "Our traveling salesman re-
ported to us that the members of this firm, the defendant
herein, were all good and solvent and that the firm was
worthy of credit, and the order was accepted."

The circuit court directed a verdict in favor of the
plaintiff and the defendant Raywinkle has appealed.

*Rachels & Miller,* for appellant.

The court erred in not giving a peremptory instruc-
tion for the defendant.

A retiring partner is not required to give notice so
as to relieve himself from liability to those who for the
first time deal with the firm after dissolution of the part-
nership business, unless he permits his name to be used
in the transaction of the business or so conducts himself
as to induce the belief in those dealing with the firm that
he is still a member.    88 Ga. 54; 72 Ind. 425; 37 Am. Rep.
168; 75 Ky. (Bush.) 259; 10 Mich. 319; 52 Minn. 565;
54 N. W. 738; 24 Mo. App. 14; 180 Mass. 510; 62 N. E.
970; 95 Ark. 6; 30 Cyc. 652; 30 Cyc. 671; 22 Am. & Eng.
Ency. of Law, 178.

*S. Brundidge, Jr.,* for appellee.

Notice of the dissolution of the partnership was nec-
essary to relieve the defendant of liability.    Gilmore on
Partnerships, Hornbook Series, pages 265 and 266;
Meechem's Elements of Partnership, § 220; 3 Cyc. 608;
95 Ark. 1.

The court was correct in instructing a verdict for the
plaintiff.

Hart, J., (after stating the facts). In the case of *Gaar* v. *Huggins & Bro.*, 12 Bush. (Ky.) 259, the court said:

"A retiring partner is not required to give notice so as to relieve himself from liability to those who for the first time deal with the firm after the dissolution takes place, unless he permits his name to be used in the transaction of the business, or so conducts himself with reference to the firm transactions as to induce the belief in those dealing with the firm that he is still a member."

To the same effect see: *Austin* v. *Appling*, 88 Ga. 54; *Puritan Trust Co.* v. *Coffey*, (Mass.) 62 N. E. 970; *Swigert* v. *Aspden*, (Minn.) 54 N. W. 738; *Bloch* v. *Price*, 24 Mo. App. 14.

The testimony in this case shows that the defendant · Raywinkle retired from the firm in June, 1911, before it had completed the erection of the buildings designed for the use of the partnership and before the machinery had been installed therein. This fact was common knowledge in the locality where the business of the firm was to be transacted although no public notice was given. More than two years elapsed between the date of his retirement from the firm and the period at which the coal · was sold by the plaintiff to the firm. The plaintiff during this time had had no dealings whatever with the firm and can not be said to have contracted with the firm on the credit of Raywinkle. Raywinkle's name never appeared in the firm and it is not shown that the firm in conducting its business ever used his name. Under these circumstances we do not think he was responsible for the debt of the plaintiff and the court erred in directing a verdict for the plaintiff.

Counsel for plaintiff relies on the case of *Bluff City Lumber Co.* v. *Bank of Clarksville*, 95 Ark. 1, but in that case the facts were essentially different. There the creditors had dealings with the old firm and had no notice of the dissolution before the indebtedness sued for was incurred. Therefore the creditors were not affected by the dissolution. But as we have already seen, in this case

the style of the firm did not disclose the name of any individual partner and the defendant had retired from the firm before it began to transact the business for which it was organized, and a period of two years had elapsed before the plaintiff transacted any business whatever with the firm. During this time the defendant Raywinkle resided in an adjoining county and took no part whatever in the transaction of the business of the firm and it was a matter of common knowledge in the locality where the firm did business that he was not interested in the business. Under these circumstances the court should have directed a verdict for the defendant, and, inasmuch as the facts have been fully developed the judgment will be reversed and the cause of action of the plaintiff will be dismissed.

It is so ordered.