SHEEKS v. DAUGHERTY.

Opinion delivered June 2, 1930.

*Ingraham & Moher,* for appellant.
*Joseph Morrison,* for appellee.

BUTLER, J. The appellee, John Daugherty, brought suit against the First State Bank of Stuttgart, alleging that the bank had in its possession a warranty deed executed by Mrs. Katie Sheeks by which certain property in the city of Stuttgart was conveyed to him; that the deed was placed in escrow with the said bank to be held until

the performance of a contract entered into between the said Mrs. Sheeks and appellee; that the terms of this contract had been complied with, and that appellee was entitled to delivery of said deed which the bank refused to deliver. The bank answered, and Mrs. Sheeks intervened.

The cause was tried on the following agreed statement of facts:

"That Homer Sheeks and his wife, Katie Sheeks, deeded the property involved in this lawsuit to Jake Irwin, by separate deeds, and Jake Irwin and his wife then reconveyed to Katie Sheeks; that all of these conveyances were without valuable consideration. The deeds, duly recorded, are hereto attached and marked exhibits "A," "B," and "C," respectively. That on July 1, 1927, Katie Sheeks entered into a written contract with John Daugherty for the sale of the property involved in this lawsuit and authorized in said contract Homer Sheeks to be her agent to collect the payments due thereunder. The contract is attached hereto and marked exhibit "D."

"That, on February 15, 1928, Katie Sheeks deposited in the United States mail, under registered cover a notice addressed to John Daugherty, and same was received by him some time thereafter, notifying him not to pay Homer Sheeks any further payments under the contract, which is hereto attached marked exhibit "E."

"That thereafter, John Daugherty sent by registered mail to Katie Sheeks his response, refusing to change the terms of the contract, a copy of his reply to her notice is hereto attached and marked exhibit "F," and was received by Katie Sheeks.

"On January 16, 1929, John Daugherty paid all of the notes to Homer Sheeks, amounting to $1,026, including interest. That the Arkansas Building & Loan Association is paid by................and this mortgage is released of record.

"That Homer Sheeks paid no part of this sum, to-wit, $1,026, to Katie Sheeks.

"That at the time of the execution of the contract warranty deed to the premises was duly executed by Katie Sheeks and Homer Sheeks and with a copy of the contract placed in escrow in the First State Bank; that the First State Bank was served with a notice similar to the notice served upon John Daugherty, and, although demand has been made upon the said bank, it now refuses to deliver the deed to either or any of the parties hereto; that all exhibits hereto are made a part of this stipulation, the same as if they were copied in full in the body hereof."

The letter from Daugherty to Mrs. Sheeks referred to in the above statement of facts as exhibit "F," among other things stated: "At the time I bought this property, one of the material considerations for executing contract was that I could pay Homer Sheeks and get my notes without difficulty or trouble. Inasmuch as you have decided to change the terms of the contract, which I feel will be a material change, and which were not stipulated at the time the contract was executed, I do not care to acquiesce in such change and will therefore state to you frankly that I do not wish to carry out the contract in its changed form.

"I have paid the sum of $171 to the Arkansas Building & Loan Association since July 1, 1927. I have paid to Mr. Homer Sheeks, your agent, the sum of $200 and have paid insurance in the sum of $15, and have expended the sum of $40 to have the house papered, making a total of $426.

"Kindly make arrangements to return the above amount to me by April 15, together with release from the contract, and my notes, and I will release to you the contract and instruct the bank to return the deed to you."

The contract referred to in this letter was exhibit "B" to the agreed statement of facts, and was entered

into the first day of July, 1927, by which Mrs. Sheeks agreed to sell and convey to Daugherty certain property described for which Daugherty agreed to pay the sum of $1,400 by assuming and paying the Arkansas Building & Loan Association of Little Rock the sum of $380, and the balance in cash to appellant, $200 of which to be paid on or before January 1, 1928, and the balance after the building and loan association should be paid, at the rate of $20 per month, the deferred payments bearing interest at the rate of eight per cent. Daugherty agreed to keep the premises insured, loss payable to Mrs. Sheeks as her interest might appear. It was agreed that, in default of the payment of the sums due the loan association, or in the balance of the payments, or in default of the payment of taxes or to keep the premises insured, Mrs. Sheeks might declare all of the indebtedness due and payable at once. It was also agreed that a copy of the contract with the deed to the premises should be placed in escrow with the First State Bank of Stuttgart, to be delivered to Daugherty upon the completion and fulfillment of his obligations. Embodied in the contract was the following statement: "The party of the first part hereby authorizes Homer Sheeks to accept payments and to receipt therefor to the party of the second part, the same as if paid direct to the party of the first part."

Upon the execution of the contract, Daugherty took possession of the property and has retained possession until now. On February 15, 1928, Mrs. Sheeks sent from Mitchell, Indiana, the notice to John Daugherty referred to in the agreed statement of fact as exhibit "E." In this notice attention was called to the contract and the provision therein authorizing Homer Sheeks to accept payments and to receipt therefor, and gave notice to Daugherty that she was canceling the authority of Homer Sheeks to receive payments of money or to receipt therefor, and directed Daugherty not to make any payments to any other person except herself. He was also notified that he was in arrears for the payment of the $200 due

January 1, 1928, and attention was called to the acceleration clause in the contract and request was made for immediate payment directly to Mrs. Sheeks, advising that a copy of the cancellation of authority was mailed to Homer Sheeks and to the First State Bank of Stuttgart.

On March 28, Daugherty, writing from DeWitt, Arkansas, answered this by the letter referred to, *supra*, exhibit "F" to the agreed statement of facts. There was no further correspondence between the parties.

In the intervention of Mrs. Sheeks to the suit of Daugherty against the bank, it was asked that Homer Sheeks be made a party. Homer Sheeks filed an answer to the intervention of Katie Sheeks, alleging that the property conveyed to Daugherty was in fact his own, and that for convenience the title had been placed in Mrs. Sheeks and the contract and sale made for his use and benefit, and this was the reason for the authority contained in the contract for the payments to be made to him; that, after the execution of the contract, Mrs. Sheeks was endeavoring to divest him of his property, and that the withdrawal of the authority contained in her notice of February 15, 1928, was made pursuant to that purpose. No proof was taken on the controversy between Mrs. Sheeks and Homer Sheeks, and the intervention was dismissed as to Homer Sheeks prior to the hearing. The court directed the bank to deliver to Daugherty the deed in question and adjudged the costs of the action against Mrs. Sheeks. From that decree is this appeal.

The appellant has devoted a part of his brief to the discussion of the right of Katie Sheeks to appoint her husband as her agent. We think this right so well established that we pass from its consideration with the statement that such right unquestionably exists.

On the question of Mrs. Sheeks' right to revoke the agency of her husband, the appellee takes the position that if the agency was of the usual character and the con-

tract solely between the principal and the agent, the right of revocation would be conceded, but that when "a written contract, having been entered into by two or more parties, before it can be modified, altered, amended, or revoked, must be done so by the mutual agreement of both parties," and that the appointment of Sheeks as the agent was "one of the material considerations for the execution of the contract" as is shown by the reply of Daugherty to the notice served upon him by the intervener. We are unable to appreciate the force of appellee's contention. The contract was for the purchase of a house and lot in the town of Stuttgart to be paid for in the manner designated, with the stipulation that the property should be kept insured and the taxes paid until the purchase price had been paid. This was a contract, not between Katie Sheeks and Homer Sheeks, but between Katie Sheeks and John Daugherty, and the authority of Homer Sheeks to accept payments was mentioned in said contract merely as a direction as to payment of funds, and was no part of the mutual undertaking of the contracting parties. By virtue of this direction, Daugherty was protected in the payment of money to Homer Sheeks until Sheeks' agency was revoked and until appellee had knowledge of this revocation. This rule is stated in 21 R. C. L., § 37, page 860, as follows: "So far as third persons are concerned the principal, as a rule, may revoke the authority of his agent at any time, but it is settled that the acts of an agent after his authority has been revoked, bind a principal as against third persons, who, in the absence of notice of the revocation of the agent's authority, rely upon its continued existence." This rule has been adopted and followed by this court, and, indeed, it appears to be the generally accepted one. *Hinson* v. *Noland,* 14 Ark. 710; *Burlington, etc.,* v. *Threlkeld,* 60 Ark. 539; *Courtney* v. *Linaker Co.,* 173 Ark. 777.

It was clearly the duty of Daugherty, upon receiving the notice of February 15 to make all subsequent pay-

ments to Mrs. Sheeks. At the time of the receipt of this notice Daugherty was in default in the payment due January 1, 1928, of $200. In his letter of March 28, it is true he stated that he had paid that $200, but he does not state that it had been paid before the receipt of the notice from Mrs. Sheeks, and in the agreed statement of facts it is shown that he did not pay it until January 16, 1929, when, arbitrarily ignoring the notice of revocation, he paid the entire sum due Mrs. Sheeks, $1,026, including interest, to Homer Sheeks. He did this without authority and at his peril.

It is contended, however, that Mrs. Sheeks is estopped from now asserting her right to the purchase money of the property conveyed to Daugherty. We can see nothing in Mrs. Sheeks' conduct to justify the invoking of the doctrine of estoppel. There was nothing in her acts or behavior to lead Daugherty to do something which he would not otherwise have done and which resulted in a loss or injury to him. It is true, she did not reply to Daugherty's letter of March 28, but her failure to do so worked no injury to Daugherty, for he could have protected himself by complying with her wishes and the loss, if any, which he may suffer is attributable only to his own folly.

The rights of Homer Sheeks are urged, but we have no evidence of any rights he may have had. The statement of facts and the exhibits thereto upon which the trial court heard the case contain nothing that would establish the contention made by the appellee, and the allegations of his response, without proof, cannot be considered. In his proposal of March 28th, where he was alleging the payment of certain amounts and requesting a reimbursement as a condition for his surrendering the contract, he did not take into consideration the rents of the property from July 1, 1927, and, as we have said, this offer contained nothing which required a reply.

Under the undisputed facts in the case, it is our opinion that the trial court erred, and that the appellant is

986

entitled to the relief prayed. The decree is therefore reversed, and the cause is remanded with directions that the amount of money remaining unpaid due to Mrs. Sheeks from and after February 15, 1928, be ascertained; that the appellee, Daugherty, be required to specifically perform his contract, and that the appellant have judgment against him for the balance due, to secure the payment of which a lien be declared on the lands described in said contract and deed.