Nicholas **DEMARKLES**

v.

The **RUDOLPH WURLITZER COMPANY.**

Civ. A. No. 55–452.

United States District Court
D. Massachusetts.
June 9, 1955.

ALDRICH, District Judge.

This is an action removed from the state court on the grounds of diversity. It is alleged to be for fraud, misrepresentation and deceit leading to the plaintiff's purchase of a number of juke boxes, so-called. The plaintiff, Demarkles, moves to remand, and the defendant, Wurlitzer, moves to quash the service of process.

Demarkles' motion alleges a number of inconsequential grounds, and one that is of some interest. On February 15, 1955, Wurlitzer brought a suit in equity in the state court against Demarkles under Mass.G.L. Ch. 214, § 3(1), for what is locally known as equitable replevin of a number of juke boxes, asking, in the alternative, for money damages. That case is now in issue in the state court, Demarkles, as a Massachusetts citizen, being unable to remove it to this court even if he wished. 28 U.S.C.A. § 1441.

The instant case was commenced in the state court on March 28, 1955, and duly removed. Demarkles asserts that it arises out of the same transaction as that involved in the original case, and that, accordingly, it is not appropriate for Wurlitzer to remove, it having already selected the state court as a forum. Before examining the factual basis of this claim it would be well to consider the scope and validity of the underlying legal contention. It may be that a party may waive its right to remove if, before seeking to remove, it affirmatively evidences an intention to submit to the state court's jurisdiction. Cyclopedia of Federal Procedure, § 3.101. While this question normally arises from activities in the same proceeding, it has been held that the requisite intention may be found from conduct in related proceedings. Beasley v. General American Life Ins. Co., D.C.E.D.S.C., 12 F.Supp. 504.

I am inclined to think that determination of this question might normally depend upon the extent of the identity of the causes of action, but here we have a further element. It is doubtful whether Wurlitzer could have

Dangel & Sherry, Boston, Mass., for plaintiff.

Timothy H. Donohue, Sherburne, Powers & Needham, Boston, Mass., for defendant.

brought the equitable replevin suit in the federal court to enforce rights given only by the Massachusetts statute. Cf. Daley v. Ort, D.C.D.Mass., 98 F.Supp. 151, 152; Guaranty Trust Co. of New York v. York, 326 U.S. 99, 105–106, 65 S.Ct. 1464, 89 L.Ed. 2079. Under these circumstances I do not feel warranted in finding an election by the first suit which could prevent the removal of a subsequent, even though related, case.

I will not discuss the other grounds alleged in support of the motion to remand because of their insubstantiality. Typical is the allegation that Wurlitzer removed in order to avoid Mass.G.L. Ch. 227, §§ 2 and 3, permitting, under certain circumstances, service of process upon prior counsel of record, which is said to have been done in this case. If the state court service was effective, that would not be lost by removal. This, however, leads to Wurlitzer's motion attacking the service on counsel in the first suit as not satisfying the Massachusetts requirements. Sections 2 and 3 of Ch. 227 provide, in part, as follows:

"If an action is brought by a person not an inhabitant of the commonwealth or who cannot be found herein to be served with process, he shall be held to answer to any action brought against him here by the defendant in the former action, if the demands are of such a nature that the judgment or execution in the one case may be set off against the judgment or execution in the other. * * *

"The writ in such cross action may be served on the attorney of record for the plaintiff in the original action."

The sheriff's endorsement of service on the writ is that by direction of the plaintiff it was served on A, a member of the firm of B, C & D, said by plaintiff to be defendant's attorney. B, C & D were and are counsel for Wurlitzer in the original suit, but the writ contains no such, or any other, information. Wurlitzer raises objections both of procedure and of substance.

 The procedural objection is based on Kimball v. Sweet, 168 Mass. 105, 46 N.E. 409; Id., 170 Mass. 538, 51 N.E. 116. Wurlitzer says that it is of no consequence that the conditions of §§ 2 and 3 may have been met in fact, because the sheriff's return of service does not so state. The cited case does indicate that Massachusetts insists on such a formal compliance and recitation. United Drug Co. v. Cordley & Hayes, 239 Mass. 334, 132 N.E. 56. The return in the instant case is not even capable of the construction that the sheriff knew that the party served was the defendant's attorney, cf. Joyce v. Thompson, 230 Mass. 254, 119 N.E. 777, let alone that he was its attorney in an action falling within the above-quoted statute.

It is not necessary to review the other objections. The plaintiff's motion to remand is denied. The defendant's motion to quash is granted and the action is dismissed.