DAVID R. PARKER *vs.* LUCY M. KENYON.

By Gen. Sts. *c.* 115, § 7, the decision of the Superior Court upon a motion to dismiss an action, for an error in the date of the summons, is final.

In a suit by the payee of a promissory note against the maker for its conversion, evidence that the maker of the note had been indicted for larceny of the note, upon the preliminary complaint of the payee, and acquitted, and that the only question in controversy at the trial of the indictment was whether the note had been paid by the maker at the time of its alleged conversion, is inadmissible to prove such payment.

TORT for the conversion of a promissory note made by the defendant and payable to the plaintiff, which it was alleged the defendant took for the purpose of casting the interest due, and retained under the pretence that she had paid it. The defence was that the note had been actually paid.

The action was originally brought in the Police Court of the town of Lee, where the defendant moved that it be dismissed because the writ was issued September 20, 1870, and made returnable "the third day of October next," while the summons served upon the defendant bore date September 20, 1860, and commanded the defendant to appear "the third day of October next." On an appeal to the Superior Court, the officer who served the summons was allowed so to amend his return as to set forth these facts upon the record. The defendant then renewed her motion. It was overruled, and she appealed to this court.

At the trial in the Superior Court, before *Dewey*, J., the plaintiff testified on cross-examination that he was a witness on the trial of an indictment against the defendant for larceny of the note in suit, and that she was acquitted. He also testified that he was the complainant in a prosecution previously commenced before a magistrate. The defendant then asked the plaintiff, " What was the question or issue involved in the trial of the indictment ? " The court excluded the question. The defendant offered to show that the sole fact in controversy in the criminal trial was whether the defendant had paid the note before she took it from the plaintiff; and that the fact of payment in issue in this trial was the subject of judicial inquiry relied upon in defence of the prosecution, and comprehended in the verdict of

"not guilty" there rendered; but the court excluded the evidence. The jury returned a verdict for the plaintiff, and the defendant excepted.

*A. J. Fargo*, for the defendant.

*J. Branning*, for the plaintiff, was not called upon.

GRAY, C. J. The mistake in the date of the summons was a defect in the form of the process necessary to bring the defendant before the court; and upon a motion to dismiss for that cause, the decision of the judge presiding in the Superior Court is final. Gen. Sts. *c.* 115, § 7.

The evidence excluded was immaterial. The trial on the indictment was *res inter alios*, to which the plaintiff was not a party. And the issue of larceny on that trial was different from the issue of conversion in this action; the one involved a question of intent; the other might be under a claim of right.

*Exceptions overruled.*