ANDREW J. HOUGHTON & others *vs.* LEWIS WARE.

An objection to a defect apparent upon the face of a replevin bond may be taken either by a motion to dismiss or by an answer in abatement, but when taken in either way, the judgment of the Superior Court thereon is final.

REPLEVIN of a horse, harness and blanket. Writ dated January 10, 1872, returnable at March term 1872 of the Superior Court. The bond filed by the plaintiffs recited that on January 11, 1872, they sued out a writ of replevin against the defendant, returnable at that term ; and was conditioned to "prosecute said action of replevin to final judgment, and pay all such costs and damages as the defendant should recover against them," and " return the personal property replevied " in case such should be the final judgment ; but did not otherwise describe the property. In the Superior Court, the defendant answered in abatement that the bond referred to a replevin writ of a subsequent date to the one entered by the plaintiffs, and in no way specified the property replevied " so as to be identified as the bond accompanying said plaintiffs' writ." The Superior Court sustained the plea in abatement, and dismissed the action, and the plaintiffs appealed to this court.

*C. H. B. Snow,* for the plaintiffs.

*S. Haynes,* for the defendant.

GRAY, C. J. This appeal is not rightly here. The objections suggested by the defendant to the sufficiency of the replevin bond might be taken either by motion to dismiss, or by plea or answer in abatement. *Nye* v. *Liscombe,* 21 Pick. 263. *Simonds* v. *Parker,* 1 Met. 508. *Ocean Insurance Co.* v. *Portsmouth Marine Railway Co.* 3 Met. 420. Story Pl. 61–63. Gould Pl. *3.* 5, §§ 132, 133, 135. 5 Dane Ab. 709, 710. They were taken by answer in abatement. The judgment of the Superior Court

VOL. XVII. 4

upon an answer in abatement cannot be revised by this court. Gen. Sts. c. 114, § 10; c. 115, § 7. *Hamlin* v. *Jacobs*, 99 Mass. 500, and cases there cited. The bond being required by statute to be taken of the plaintiff by the officer before completing the service of the replevin, and returned to the court with the writ for the use of the defendant, defects apparent upon the face of the bond must be deemed " defects of form in process," upon which the decision of the court below would have been equally final, if they had been taken advantage of by motion to dismiss. Gen. Sts. c. 143, §§ 3–5. *Wolcott* v. *Mead*, 12 Met. 516. *Simonds* v. *Parker*, 1 Met. 508, 510. *Parker* v. *Kenyon*, 112 Mass. 264.                          *Appeal dismissed.*