HOWARD M. SMITH *vs.* JASON L. DEXTER.

Dukes County. Jan. 23. — 25, 1877. MORTON & ENDICOTT, JJ., absent.

Objections to the authority of a sheriff to serve a writ of replevin upon his deputy, and to the form of the replevin bond, can only be taken by answer in abatement or motion to dismiss, and not by demurrer.

If a defence, which should be taken by plea in abatement or motion to dismiss, is taken, with consent of parties, by demurrer, no exception lies to the ruling of the Superior Court thereon.

REPLEVIN, addressed to the sheriff of Dukes County or his deputy, and commanding him to replevy certain property described, " belonging to Howard M. Smith, infant, of Tisbury, by his next friend, Edward T. T. Smith, of Tisbury, plaintiff, now held by Jason L. Dexter, of Edgartown, and deputy sheriff of Dukes County."

The writ was served by the sheriff; and the bond to the defendant, taken and returned by him, purported in the body thereof to be made by " Howard M. Smith, infant, by his next friend Edward T. T. Smith, as principal," and by two sureties.

At the first term, the defendant filed a demurrer, assigning the following reasons therefor: "1. That the description of personal property in the writ is too vague, uncertain and indefinite; that it is not in conformity to law, and is insufficient in law.

"2. Because the officer serving the writ had no authority in law to serve the same.

"3. Because no valid bond was taken by the officer in serving the writ, as required by law."

The plaintiff afterwards filed the following paper: "Plaintiff's answer to causes of demurrer assigned by defendant: And now the plaintiff comes by his counsel and answers, and says that he denies the several causes of demurrer to the writ and declaration and the service thereof, and denies that any cause of demurrer exists against the same as the defendant hath alleged, and hereby takes issue upon the same, and affirms in answer to the same: 1. That the description of personal property in the writ is not vague, uncertain and indefinite.

"2. That the officer serving said writ of replevin had authority to serve the same.

"3. That the bond given in said case, and taken by the officer serving said writ, is one given and signed in conformity to law and as required in law."

Hearing upon the demurrer in the Superior Court, before *Wilkinson*, J., who gave judgment for the defendant, and allowed the following bill of exceptions:

"The judge overruled the first assigned ground of demurrer, and decided that the description of the property in the writ was sufficient. The plaintiff requested the judge to rule that the bond given in the action was a proper bond and given in conformity to law, and that the sheriff who served the replevin writ in the action upon the defendant therein, who was one of his deputies and had attached the property replevied upon a writ of Brown against Smith, pending in the Superior Court, and so held it at the time of the replevin, had, at the time of such service, legal right to serve the same upon the defendant, and that the service upon the replevin writ in the action was a good service of the writ upon the defendant aforesaid, and made in conformity to law. The judge declined to so rule, but ruled that the bond was insufficient in law, and that the sheriff who served

the writ had no authority in law to serve the same, and sustained the defendant's demurrer upon the second and third grounds. The plaintiff alleged exceptions."

*A. R. Brown & E. A. Alger,* for the plaintiff.

*G. Marston,* for the defendant.

GRAY, C. J. The objections to the authority of the officer who served the writ, and to the form of the replevin bond taken in the course of the service, could not properly be made by demurrer, but only by answer in abatement or motion to dismiss, upon either of which the decision of the court below would be final. *Docmanny* v. *Davenant,* 6 Mod. 198; *S. C.* 1 Salk. 220. *Bullythorpe* v. *Turner,* Willes, 475, 479. *Cooke* v. *Gibbs,* 3 Mass. 193, 196. *Browning* v. *Bancroft,* 5 Met. 88. *Houghton* v. *Ware,* 113 Mass. 49. Gen. Sts. *c.* 114, § 10; *c.* 115, § 7. The irregular form of presenting these questions to that court, appearing to have been by assent of the parties, affords no ground of exception, and cannot give this court jurisdiction to decide issues which could not be regularly brought before it.

*Exceptions overruled.*