Luigia Paraboschi, administratrix, *vs.* William B. Shaw.

Suffolk.     January 26, 1927. — March 3, 1927.

Present: Rugg, C.J., Braley, Crosby, Pierce, & Wait, JJ.

*Practice, Civil,* Motion to dismiss, Answer in abatement. *Statute,* Construction. *Jurisdiction,* Over nonresident operator of motor vehicle. *Motor Vehicle,* Nonresident operator.

A motion to dismiss is proper pleading in an action at law to bring before the court for determination the question, whether on the record as a matter of law there has been proper service of the writ.

A plea in abatement of an action at law is not appropriate pleading where reliance is made wholly upon law based on facts shown by the record; it is appropriate when reliance is placed upon some fact not appearing upon the face of the record, which the opposite party may deny and as to which there may be a trial.

It is a general rule of interpretation of statutes that all statutes are prospective in their operation, unless an intention that they shall be retrospective appears by necessary implication from their words, context or objects when considered in the light of the subject matter, the preexisting state of the law and the effect upon existent rights, remedies and obligations. Per Rugg, C.J.

St. 1923, c. 431, § 2, approved on May 22, 1923, adding § 3A to G. L. c. 90, is not retrospective; and a nonresident owner or operator of a motor vehicle is not bound by service upon the registrar of motor vehicles in an action for personal injuries received in 1922.

Tort for personal injuries received on June 13, 1922. Writ dated June 11, 1923.

Pleadings in the Superior Court are described in the opinion. *Hammond,* J., allowed the motion to dismiss, sustained the plea in abatement, and reported the action to this court for determination.

*S. A. Dearborn,* (*C. L. Paraboschi* with him,) for the plaintiff.

*J. E. Reagan,* for the defendant.

Rugg, C.J.   This is an action of tort to recover compensation for the conscious suffering of the plaintiff's intestate, a resident of Boston, resulting from injuries sustained by him on June 13, 1922, while a traveller upon a public way in this Commonwealth, by reason of the negligence of an agent of the defendant in operating a motor vehicle.   The

defendant is described in the writ, which is dated June 11, 1923, as "of Providence, Rhode Island, and having a usual place of business in Boston, within our County of Suffolk." The return of the officer under date of June 12, 1923, states that "the within named defendant William B. Shaw, not being an inhabitant of, or resident in this Commonwealth, and not finding him or any last and usual place of abode, tenant, Agent or Attorney of his known to me as such within my precinct, I therefore could make no service of this writ upon him." No effective service having been obtained on the original writ, an order of notice was issued on May 7, 1925, and service thereof was made on the registrar of motor vehicles as agent of the defendant, copy was sent by registered mail to the defendant and due return thereof was made with post office return receipt of defendant, all in conformity to St. 1923, c. 431, § 2.

The defendant appeared specially and filed a motion to dismiss and a plea in abatement, setting up want of proper service. A motion to dismiss for want of service is proper pleading. It relates to a matter apparent on the record. It raises a pure question of law. A plea in abatement is appropriate when reliance is placed upon some fact not appearing upon the face of the record, which the opposite party may deny and as to which there may be a trial. *Nye* v. *Liscomb,* 21 Pick. 263, 265, 266. *Richmond* v. *Whittlesey,* 2 Allen, 230. *Crosby* v. *Harrison,* 116 Mass. 114. *Lowrie* v. *Castle,* 198 Mass. 82. *Roberts* v. *Anheuser Busch Brewing Association Co.* 215 Mass. 341, 343. *United Drug Co.* v. *Cordley & Hayes,* 239 Mass. 334. *Oliver Ditson Co.* v. *Testa,* 216 Mass. 123, 124. The practice is different in equity, where a motion to dismiss is irregular. *Rothstein* v. *Commissioner of Banks, ante,* 196.

The service of the order of notice according to St. 1923, c. 431, § 2, did not bring the defendant within the jurisdiction of the court. The defendant has been at all times material to this case a nonresident of the Commonwealth, and no personal service has been made upon him. The substance and effect of said c. 431, invoked by the plaintiff, is that when a nonresident avails himself of the rights and

privileges of operating a motor vehicle upon the highways of this Commonwealth, he thereby is deemed to have appointed the registrar of motor vehicles his agent to accept service of process in any action growing out of any accident or collision in which he may be involved while so operating a motor vehicle. That statute has been held to be a valid exercise of the police power as to cases within its scope. *Pawloski* v. *Hess,* 250 Mass. 22. That statute was not in effect at the time of the accident out of which arose the present action. It was not enacted until some time later. There was no legislative attempt to make it applicable to actions or proceedings growing out of accidents or collisions which had arisen before it became effective. "The general rule of interpretation is that all statutes are prospective in their operation, unless an intention that they shall be retrospective appears by necessary implication from their words, context or objects when considered in the light of the subject matter, the pre-existing state of the law and the effect upon existent rights, remedies and obligations. Doubtless all legislation commonly looks to the future, not to the past, and has no retroactive effect unless such effect manifestly is required by unequivocal terms. It is only statutes regulating practice, procedure and evidence, in short, those relating to remedies and not affecting substantive rights, that commonly are treated as operating retroactively, and as applying to pending actions or causes of action." *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 3–5, where many authorities are reviewed. *Bowen* v. *Dorchester Ice Co.* 255 Mass. 159. *Fullerton-Krueger Lumber Co.* v. *Northern Pacific Railway,* 266 U. S. 435, 437. *United States* v. *St. Louis, San Francisco & Texas Railway,* 270 U. S. 1, 3. Tested by that principle, said c. 431, § 2, does not authorize such service as was here attempted touching causes of action arising before it took effect. The essence of that statute is that the operation of motor vehicle upon the highways of this Commonwealth by a nonresident shall be "deemed equivalent to an appointment by such non-resident of the registrar" of motor vehicles as his attorney for the service of all lawful processes in the specified actions and "a signification of his agreement that

any such process against him" so served "shall be of the same legal force and validity as if served on him personally." The statute thus imposes upon the nonresident operating a motor vehicle as there described the continual obligation of making the registrar of motor vehicles his agent for the limited purpose stated. Such a contractual obligation relates to substantive rights and not merely to remedy. It is manifest from the frame of the act that there was no intention on the part of the Legislature to attempt to ascribe such contractual obligation to acts committed before the statute became operative. The case at bar is quite distinguishable from the class of decisions illustrated by *Devine's Case*, 236 Mass. 588, *Selectmen of Amesbury* v. *Citizens Electric Street Railway*, 199 Mass. 394, *George* v. *Reed*, 101 Mass. 378, and *Robbins* v. *Holman*, 11 Cush. 26.

*Order granting motion to dismiss affirmed.*
*Answer in abatement dismissed.*