### HARRY TYLER *vs.* BOOT AND SHOE WORKERS UNION.

Plymouth.    December 12, 1933. — December 28, 1933.

Present: RUGG, C.J., FIELD, DONAHUE, & LUMMUS, JJ.

*Practice, Civil,* Motion to dismiss, Parties. *Pleading, Civil,* Plea in abatement, Demurrer. *Voluntary Association. Labor Union.*

A motion to dismiss is a proper form of pleading in an action at law to raise a question, as to parties, apparent on the face of the record; a plea in abatement is appropriate to raise such a question when reliance is placed upon some fact, outside the record, to prove which it may be necessary to receive evidence.

A demurrer raises only questions of law apparent on the pleadings.

A writ in an action at law, in which the defendant was described merely as a certain labor "Union, a voluntary association," was fatally defective on its face because it did not name any defendant: a voluntary unincorporated association such as the writ imported, not so described therein as to show that it was of a character suable under G. L. (Ter. Ed.) c. 182, §§ 1, 6, cannot be a party to litigation.

In the action above described, a motion to dismiss was the proper pleading to raise the question as to the want of a party defendant, and such a motion should have been allowed; a plea in abatement should have been denied; and it was proper to overrule a demurrer, the question raised not being a proper subject for demurrer in that it was not a question of law apparent on the pleadings.

CONTRACT.    Writ dated May 10, 1933.

The writ is described in the opinion. A motion to dismiss, a plea in abatement and a demurrer were heard together in the Superior Court by *Macleod,* J. The judge ordered the motion denied, the demurrer overruled and the plea "disallowed unless the defendant . . . [within a certain time] furnishes the plaintiff with the names and residences of members of defendant association"; and thereupon reported his rulings for determination by this court.

*H. B. Ehrmann,* (*L. W. Black* with him,) for the defendant.

*M. J. Robinson,* (*E. J. Derosier* with him,) for the plaintiff.

RUGG, C.J.   The defendant is described in the writ in this action at law as "Boot and Shoe Workers Union, a voluntary association having a usual place of business in

Boston." The defendant filed a motion to dismiss, a plea in abatement, and a demurrer. They were heard together. On the plea in abatement evidence was received and a finding made that the named defendant is a "voluntary, unincorporated labor association. It is not an 'association' or a 'trust,' as those terms are defined and used" in G. L. (Ter. Ed.) c. 182.

A motion to dismiss or to quash is a proper form of pleading in actions at law to raise questions of this nature appearing on the face of the record. *Smith* v. *Dexter*, 121 Mass. 597, 599. *Paraboschi* v. *Shaw*, 258 Mass. 531, 532. *Matter of Ulmer*, 268 Mass. 373, 390. *Adams* v. *Richardson*, 268 Mass. 78, 80. *Lowrie* v. *Castle*, 198 Mass. 82. The practice in equity is different where such a motion is irregular and where a defence must be raised by demurrer, plea, or answer. *Paraboschi* v. *Shaw*, 258 Mass. 531, 532. *E. S. Parks Shellac Co.* v. *Jones,* 265 Mass. 108, 110. *Rothstein* v. *Commissioner of Banks*, 258 Mass. 196. A plea in abatement is appropriate when reliance is placed upon some fact outside the record as to which evidence may be necessary. *Paraboschi* v. *Shaw*, 258 Mass. 531, 532. It is elementary that a demurrer raises only questions of law apparent on the record. *Sullivan* v. *Judges of the Superior Court*, 271 Mass. 435, 436. The objection here raised is not a proper subject for demurrer, since it relates to process and not to pleading. *Smith* v. *Dexter*, 121 Mass. 597, 599.

The writ is the foundation of an action at law. To it resort must be had to ascertain the parties. It alone describes the defendant. *Eaton* v. *Walker*, 244 Mass. 23, 30.

No person or legal entity is described as defendant in the writ in the case at bar. The description of the defendant in this writ imports a voluntary unincorporated association. Such an association cannot be a party to litigation. It has no capacity as such to sue or to be sued in its own name alone. *Pickett* v. *Walsh*, 192 Mass. 572, 589. *Herbst* v. *Fidelia Musical & Educational Corp.* 218 Mass. 174, 180. *Hanley* v. *American Railway Express Co.* 244 Mass. 248, 250. *Donovan* v. *Danielson*, 244 Mass. 432, 437. *United Mine Workers of America* v. *Coronado Coal Co.* 259 U. S. 344,

385.  *Moffat Tunnel League* v. *United States*, 289 U. S. 113, 118.

A voluntary association "under a written instrument or declaration of trust, the beneficial interest under which is divided into transferable certificates of participation or shares" may in restricted and specified instances be sued as if it were a corporation.  G. L. (Ter. Ed.) c. 182, §§ 1, 6.  In order that an action may be maintained under that statute, the defendant should be so described in the writ as to show in substance that it is rightly suable under its name as an association in accordance with the statute. *Bouchard* v. *First People's Trust*, 253 Mass. 351.  See *Moynihan* v. *Murphy*, 253 Mass. 110.  The writ was fatally defective on its face in not naming any defendant.  It appears to describe something nonexistent as defendant.

It follows that there was error.  The motion to dismiss ought to have been granted.  The order denying it is reversed.  That being so, the plea in abatement ought to have been denied, and the order respecting it is reversed.  The demurrer was overruled rightly.  The order to that effect is affirmed.  The case is remanded to the Superior Court for further action not inconsistent with this opinion.

*So ordered.*