WALTER T. YOUNG, ADMINISTRATOR AD PROSEQUENDUM OF EMMETT E. YOUNG, DECEASED, PLAINTIFF, v. POTTER TITLE AND TRUST COMPANY, EXECUTOR OF THE LAST WILL AND TESTAMENT OF D. FORD HENRY. JR., DECEASED, DEFENDANT.

Submitted January 26, 1935—Decided April 11, 1935.

Before Justices LLOYD, CASE and DONGES.

For the plaintiff, *W. Reading Gebhardt.*

For the defendant, *Sylvester C. Smith, Jr.*

The opinion of the court was delivered by

CASE, J. Defendant, on special appearance, moves to set aside the service of summons and complaint on the ground that the service is invalid.

Emmett E. Young was a passenger in an automobile which, on July 6th, 1934, collided on a public highway in this state with an automobile owned and driven by D. Ford Henry, Jr. Young was killed instantly. Henry died a few hours later. Both men were non-residents of the State of New Jersey.

Henry had a driver's license and a car registration issued by the State of West Virginia. He was not licensed and his car was not registered by the State of New Jersey. His last will and testament, probated by the register of wills of Allegheny county, Pennsylvania, named Potter Title and Trust Company as executor. That company, a Pennsylvania corporation, without an office or a designated resident agent in New Jersey, duly qualified. Walter T. Young, a resident of Warren county in this state, was appointed administrator *ad prosequendum* of Young, and as such brought the present action against Henry's executor. Service of summons and complaint was made upon the New Jersey commissioner of motor vehicles, who forthwith sent a notice of such service and a copy of the summons and complaint by registered mail to the defendant executor. In due course the defendant's return receipt was received by the commissioner and notation thereof was endorsed on, and appended to, the summons and complaint.

The issue is whether the attributes of the plaintiff and the defendant are such as to bring the action and the service of process within the purview of chapter 69, *Pamph. L.* 1930, *p.* 295. An amendment, chapter 69, *Pamph. L.* 1933, does not change the provisions now in point. The 1930 enactment is as follows:

"From and after the passage of this act any chauffeur, operator or owner of any motor vehicle, not licensed under the laws of the State of New Jersey providing for the registration and licensing of motor vehicles, who shall accept the privilege extended to non-resident chauffeurs, operators and owners by law of driving such a motor vehicle or of having the same driven or operated in the State of New Jersey, without a New Jersey registration or license, shall, by such acceptance and the operation of such automobile within the State of New Jersey, make and constitute the commissioner of motor vehicles of the State of New Jersey his, her or their agent for the acceptance of process in any civil suit or proceeding by any resident of the State of New Jersey against such chauffeur, operator or the owner of such motor vehicle,

arising out of or by reason of any accident or collision occurring within the State in which a motor vehicle operated by such chauffeur, or operator, or such owner is involved; and the acceptance of the said privilege or the operation of said motor vehicle shall be a signification of his, her or their agreement that any such process against him, her or them which is so served shall be of the same legal force and validity as if served upon him, her or them personally. Service of such process shall be made by leaving the original and a copy of the summons and complaint, with a fee of two dollars, in the hands of the commissioner of motor vehicles of the State of New Jersey, or someone designated by him in his office, and such service shall be sufficient service upon the said non-resident chauffeur, operator or owner; provided, that notice of such service and the copy of the summons and complaint are forthwith sent by registered mail to the defendant by the commissioner of motor vehicles or such person acting for him in his said office, and the defendant's return receipt and the affidavit of the commissioner of motor vehicles or such person in his office acting for him, of the compliance herewith are appended to the said summons and complaint and filed in the office of the clerk of the court wherein the said action may be pending; provided, also, that the date of the said mailing and the date of the receipt of the return card aforesaid are properly endorsed on the said summons and complaint and signed by the said commissioner of motor vehicles or someone acting for him. * * *"

Defendant first contends that inasmuch as plaintiff's decedent was not a resident of this state and none of the ultimate beneficiaries of his estate are residents of the state the action is not within the statutory language "by any resident of the State of New Jersey." Our disposition of the case makes it unnecessary to pass upon this point.

It is next said that the authority for service in the statutory manner was personal to Henry, the operator and owner of the car, that it ended at his death and does not extend to his personal representative. There is little to be gained on the immediate question by a discussion of the cases on this and

like legislation. An earlier statute, chapter 232 (*Pamph. L.* 1924), was sustained by this court in *Pizzutti* v. *Wuchter,* 103 *N. J. L.* 130, but held unconstitutional by the United States Supreme Court in the same case on appeal (276 *U. S.* 13; 72 *L. Ed.* 446), for evils that have been cured in the present statute. The Massachusetts statute (*Pamph. L.* 1923, *ch.* 431), upon which our present act was modeled, was considered and sustained in *Pawloski* v. *Hess* (*Mass.*), 144 *N. E. Rep.* 760; *Hess* v. *Pawloski,* 274 *U. S.* 352; *Paraboschi* v. *Shaw,* 258 *Mass.* 531; 155 *N. E. Rep.* 445; *Duggan* v. *Ogden,* 278 *Mass.* 432; 180 *N. E. Rep.* 301; *O'Donnell* v. *Registrar of Motor Vehicles,* 283 *Mass.* 375; 186 *N. E. Rep.* 657. Still earlier legislation of a somewhat similar nature was section 16 of the 1906 New Jersey Motor Vehicle act as amended by chapter 304 (*Pamph. L.* 1908), passed upon by our Court of Errors and Appeals in *Kane* v. *State,* 81 *N. J. L.* 594, and by the United States Supreme Court on the appeal of that case. 242 *U. S.* 160; 61 *L. Ed.* 222. The cases support the statutory theory that a non-resident chauffeur, operator or owner of an automobile, by using the highways of the state without charge or special license, is assumed to have thereby appointed the commissioner of motor vehicles his agent for the acceptance of process in a civil action against such chauffeur, operator or owner arising out of or by reason of an accident or collision occurring within the state in which such person is involved; but no decision of an appellate court has been brought to our attention wherein is involved the authority of the motor vehicle commissioner or like officer to accept service of process· on behalf of the estate of a chauffeur, operator or owner after the death of such person.

The statute is, in its wording, personal to the individual who, to use the terminology of the statute, constitutes the commissioner of motor vehicles his agent: "* * * any chauffeur, operator or owner * * * who shall accept the privilege * * * shall by such acceptance * * * constitute the commissioner * * * his, her or their agent * * * in any civil suit * * * against such chauffeur,

operator or the owner  *  *  *;  and the acceptance of the
said privilege  *  *  *  shall be a signification of his, her
or their agreement that any such process against him, her
or them which is so served shall be of the same legal force
and validity as if served upon him, her or them personally
*  *  *  such service shall be sufficient service upon the said
non-resident chauffeur, operator or owner  *  *  *." There
is nothing in the wording of the act to indicate a legislative
purpose that the chauffeur, operator or owner was to authorize
substituted service of any character against his personal rep-
resentative.  It is forcefully argued that the reasons which
called for the statutory enactment apply as fully to an action
against a personal representative as against the individual
who was involved in the accident; but this argument runs
against the complete absence of language appropriate to that
end, against the general rule that the death of the principal
puts an end to an agency not coupled with an interest (*Dur-
brow* v. *Eppens, 65 N. J. L.* 10), and against the well estab-
lished rule that foreign administrators and foreign executors
are not liable to be sued in their representative capacity in
the courts of this state unless power to be sued has been con-
ferred by statute.  *Durie* v. *Blauvelt, 49 Id.* 114;  *Green
et al.* v. *Dolin, 5 N. J. Mis. R.* 1000;  *Babbitt* v. *Fidelity
Trust Co., 70 N. J. Eq.* 651.

The respondent contends that the agency, if such it was,
was coupled with an interest and therefore was not termi-
nated by Henry's death.  But the agent had no interest, and
it cannot be said that Young did anything in reliance upon
the agency.  We think that it is not essential to determine
whether the state officer is indeed an agent, as he is named
in our statute, or actually holds a "power of attorney," as the
phrase runs in the Massachusetts statute, or, as the respond-
ent herein argues, is merely a person designated by law to
whose designation a non-resident assents.  In view of the
"due process" decisions from *Pennoyer* v. *Neff, 95 U. S.*
714; 24 *L. Ed.* 565, on down we are not inclined to dis-
regard the theory in which the statute grounds, that the non-
resident voluntarily makes, or at least assents to, the appoint-

ment by accepting the privilege of driving upon our highways without a registration license. The Massachusetts courts have called it a "contractual obligation" relating to substantive rights. *Paraboschi* v. *Shaw, supra*. If the obligation upon Henry was contractual in its nature, then we must have some thought for the rules applicable to the construction of contracts. The question in one form or another has to be answered: What does the statute provide and to what did the non-resident assent? And this may be narrowed to an inquiry as to the statutory content because the non-resident assented only to that which is in the statute. In this study we may reasonably expect that a legislative intent to change the settled law regarding suit against a non-resident executor will be adequately manifested.

The statute does not expressly authorize the commissioner to receive service for a personal representative. We find no sufficient foundation for holding that such an authority is implied. Plaintiff's theory rests overmuch upon assumptions and legal fictions. The simple fact is that Henry is not shown to have had any knowledge that an agency was being set up against him. In entering upon the highways of this state he automatically and without regard to his actual knowledge and intention, but nevertheless legally, empowered the motor vehicle commissioner to receive service of process, as *his* agent, in any civil suit against *him* with the same legal effect as though served upon *him personally,* and agreed that such service should be sufficient service against *him*. In the wording of that statutory *quasi* contract Henry had no voice and no choice. It would have been easy, had the legislature wished to extend the agency, to make the service good as against personal representatives. But the statute does not say that, and does not say anything beyond what is apt as against Henry himself. The singularly explicit language leads us to conclude that it was not intended to have other than its obvious application.

The motion will be granted, with costs.