Pettingell, J.
Action of tort in which the defendant appears specially and seeks to have the writ and action “abated” because of improper venue.
At the time of the argument on the defendant’s-“plea in abatement”, it was agreed between the parties that the plaintiff is a resident of Winthrop and that the defendant is a resident of South Boston.
As the action is described as one growing out of an alleged collision of automobiles, St. 1934, C. 387, Section 2, is applicable. That statute provides that such an action may be brought “in a district court within whose judicial district one of the parties lives or in any district court in the same county, which adjoins the judicial district in which the defendant lives or has his usual place of business, provided, that if one of the parties to any such action lives in Suffolk County, such action may be brought in the Municipal Court of the City of Boston”.
*6 The trial judge denied the defendant’s “plea in abatement”, noted the defendant’s “exception”, and reported the case to the Appellate Division.
The first question is whether the case is properly before the Appellate Division, the jurisdiction of which is limited to the “rehearing of matters of law” “when the cause is otherwise ripe for judgment”, G. L. (Ter. Ed.) C. 231, Section 108. It is apparent that the present case cannot be “ripe for judgment” on the present state of the record. It, therefore, is not properly before the Appellate Division, unless it comes within the scope of St. 1931, C. 325, which authorizes a justice of a District Court to report a case when he is “of opinion that an interlocutory finding or order made by him ought to be reviewed by the Appellate Division before any further proceedings in the trial court”. It has been held that this amendment does not authorize the report of any and all interlocutory matters but only those which are “determinative of the case”, Krock v. Consolidated Mines and Power Co. Ltd., 286 Mass. 177 at 179, 180. While it is true that the ruling made by the trial judge Avas not, strictly speaking1, “determinative of the case”, but was one which if accepted and followed, would necessarily result in further proceedings, it was nevertheless made on an issue which, if otherwise decided, Avas determinative of the case. If the power to report, under these circumstances, is limited strictly to those rulings which are determinative of the case, then there is nothing added to the authority of the court by the amending statute, because a ruling strictly determinative in nature is naturally followed by proceedings which Avill immediately render the case ripe for judgment and bring it within the original appellate jurisdiction. In such a case there would be no need to stay proceedings. But where, as here, there has been a *7 ruling on an issue which in its nature may be determinative of the case, and the judge, having ruled that the case has not been determined, believes that the. issue sho'uld be reported and decided at once, an issue is made out which in our opinion is reportable within the statute.
Where a judge intends to report a case under such circumstances, we believe that properly he should state in his report that he is reporting it in accordance with the provisions of the statute, in order that it may clearly appear that the report is made by him by virtue of the statutory authorization, and that it is not one claimed, as of right, by an aggrieved party. There appears to be, however, no requirement that the report shall so state, and it has been held that where the appellant was not entitled as of right to a report, but one was signed by the trial judge, the report should be treated as one filed by the judge, of his own motion, under the statute in question, La Caisse Populaire Credit Union v. Cross, Mass. Adv. Sh. (1936) 201, at 202.
We are of opinion therefore that the report is properly before the Appellate Division.
The next issue is whether the report shows error on the part of the trial judge.
According to the facts agreed upon by the parties, the plaintiff resides in Winthrop and the defendant in South Boston. Courts take judicial notice of local geography; Matter of Ulmer, 268 Mass. 373, at 391, and we accordingly know that Winthrop and South Boston are in the County of Suffolk, but that Winthrop is within the judicial district of the East Boston District Court while South Boston is within the judicial district of the Municipal Court of South Boston District, G. L. (Ter. Ed.) C. 218, Section 1; also that the two judicial districts just mentioned do not adjoin. Although the report does not so state, we understand that all the foregoing was apparent on the face of the writ.
*8 Under St. 1934, C. 387, the plaintiff had her choice of bringing her action in the East Boston District Court, within whose judicial district she resides; or in the Municipal Court of South Boston District, within whose judicial district the defendant lives; or in some district court whose judicial district adjoins that within which the defendant lives. The judicial district of the Chelsea District Court does not adjoin the judicial district within which the defendant resides. The defendant’s place of business is not mentioned in the report and it does not appear to have been considered in the matter of venue. Although the action might have been begun in the Municipal Court of the City of Boston, it was not so brought and that authorization has nothing to do with this case. The- only authority to bring an action in a district which “adjoins” is limited to a district which “adjoins the judicial district in which the defendant lives or has his usual place of business ”. We are of opinion, from the foregoing, that the venue was improper.
Still another question involved is the procedure adopted by the defendant. Objection to improper venue is either a matter apparent on the record or is a matter of fact to be proved. Here it is apparent on the record. Where it is thus apparent, the proper procedure is a motion to dismiss. Treasurer and Receiver General v. Sermini, 229 Mass. 248, at 253; Paige v. Sinclair, 237 Mass. 482, at 483, 484; Paraboschi v. Shaw, 258 Mass. 531, at 532; Tyler v. Boot & Shoe Workers Union, 285 Mass. 54, at 55; Luce v. Columbia River Packers Ass’n., 286 Mass. 343, at 344. The defendant did not file such a motion but instead filed a “plea in abatement” with a prayer “that the writ and the action may abate”. There is now no such pleading at law as a “plea in abatement”. Matters which formerly could have *9 been pleaded under that heading are now “made by answer in abatement”. G. L. (Ter. Ed.) C. 231, Section 20. Such an answer is “appropriate when reliance is placed upon some fact not appearing upon the face of the record, which the opposite party may deny and as to which there may be a trial”. Paraboschi v. Shaw, 258 Mass. 531, at 532.
In Tyler v. Boot & Shoe Workers Union, 285 Mass. 54, the writ did not describe as defendant any person or legal entity. The defendant attacked this impropriety with a motion to dismiss, a plea in abatement and a demurrer. The Supreme Judicial Court held that the motion to dismiss should have been granted, the plea in abatement denied and the demurrer overruled.
The remaining question is whether the defendant, having chosen the wrong form of pleading, has any standing as an appellant.
An examination of the so called “plea in abatement” discloses that it states no facts which are not apparent on the” record or are not within the judicial notice of the court. It does not move to dismiss but it closes with a prayer to abate.
The nature of a pleading must be determined from its essentials and not from its name, Castano v. Leone, 278 Mass. 429, at 431; Universal Adjustment Corp. v. Midland Bank, 281 Mass. 303, at 328. In Davis v. National Life Ins. Co., 187 Mass. 468, at 469, an application entitled “Motion” and asking that a case be restored to the docket, was construed as a petition to vacate the judgment. The requesting word used was “move” and not “pray”. In Corey v. Tuttle, 249 Mass. 135, a pleading called “Motion to Require Plaintiff to Elect” was treated as a plea in abatement. In Rothstein v. Commissioner of Banks, 258 Mass. 196, a “Motion to Dismiss ” was found in substance to be a demurrer and so treated. In Brotkin v. Feinberg, 265 Mass. 295, at *10 298, a “Motion to Dismiss” was treated as a plea in abatement.
It is onr opinion that the so called “plea in abatement” in this case, with its prayer that the writ abate, should be treated as a motion to dismiss, and that it should have been granted, there being improper venue apparent upon the face of the record. If “move” means “pray” in one such case, “pray” may properly be' construed as “move” in another.
If, contrary to the assumption we have made, the writ states the residence of either the plaintiff or the defendant to be other than as stated in the agreement made by the parties at the time of the argument on the defendant’s “plea of abatement”, then the impropriety of the venue might not be apparent on the record, in which case the defendant’s “plea in abatement” should be regarded as an answer in abatement. Under such circumstances there would be evidence before the court which would require a finding for the defendant on his answer.
There being prejudicial error in any event, whether the defendant’s pleading be treated as á motion to dismiss or an answer in abatement, an order is to be made in the District Court, either allowing the motion to dismiss, or entering judgment on the answer in abatement, as the wording of the writ may determine.
At the same time the record should be corrected by striking out the words “Defendant’s Exception noted” and substituting in their place “Defendant’s Claim of Report noted”. There are no “exceptions” in the Appellate Division procedure.