Pettingell, J.
Two actions of tort growing out of an injury received by the plaintiff, Agnes Carey, by reason of being struck by a crossing gate maintained by the defendant at a railroad crossing. The female plaintiff alleges negligent operation of the gate by the defendant. Her husband, Walter Carey, sues for consequential damages. The defendant’s answer is a general denial and contributory negligence.
Before a trial was had, the defendant filed a “Motion to Stay Proceedings,” alleging the existence of an injunction issued by the United States District Court for the District of Connecticut, enjoining the commencing or continuance of suits against the defendant, excepting, however, “suits or claims for damages caused by the operation of trains,, buses,, or other means of transportation” which *439 “may be filed and prosecuted to judgment in any court of competent jurisdiction.”
The date of the injunction was October 23, 1935. The writs in the instant case were dated, June 6,1935, and were returnable, June 15, 1935.
The defendant’s motion was orally argued, December 5, 1938. No evidence was introduced concerning the facts of the accident involved, the presence or absence of any train, nor as to the ownership or control of the crossing gates at the crossing in question, but counsel for the plaintiffs stated that in any trial of said actions the plaintiffs would be prepared to offer evidence to prove that the crossing gate which struck the female plaintiff was in process of being lowered as a train, which was about to use the crossing, was approaching, and that the rules and regulations of the Department of Public Utilities require the lowering of the gates at this crossing when trains are approaching.
The defendant introduced a copy of the order of the United States District Court for the District of Connecticut containing the injunction.
The trial judge denied the defendant’s motions without prejudice, and, the defendant claiming to be aggrieved by the denials, reported the case for determination by the Appellate Division in accordance with the provisions of Chapter 426 of the Acts of 1931, section 116.
The first issue presented by the report is its validity. The trial judge acted under the statute, now a part of G. L. (Ter. Ed.) C. 231, Section 108, by which he is authorized to report interlocutory findings or orders. It has been held, however, that this authority to report interlocutory matters “does not confer a right to report all interlocutory or subsidiary rulings which are not determinative of the case.” The amendment to the statute does not enlarge the jurisdiction of the Appellate Division which is limited to “final decisions.” Real Property Co. Inc. v. Pitt, 230 *440 Mass. 526, at 527. Krock v. Consolidated Mines & Power Co., 286 Mass. 117, at 179, 180. Hammond v. Boston Terminal Co., Mass. Adv. Sh. (1936) 1997, at 1998. Tighe v. Skillings, Mass. Adv. Sh. (1937) 1023, at 1025.
The motions before the trial judge were purely interlocutory matters. In no way could the trial judge’s action be determinative of the case or constitute a “final decision.” If he granted the motions, the cases remained alive, but stayed. If he denied them, the cases continued active and ready for trial; we are, therefore, of the opinion, that the trial judge had no authority to report under the statute.
If, on the other hand, there was authority to report the cases, and they are properly before us, we are of opinion that there was no error in the denials of the motions. They were intended to stay proceedings, on the theory that the injunction imposed a temporary bar to the prosecution of the actions. They were not motions to dismiss, first, because they contemplated the continuance of the actions, although in a dormant condition, and secondly, because the defendant relied upon facts not a part of, or apparent on, the record. The plaintiffs, in their declarations, had alleged facts, which at the time the writs were drawn, constituted valid causes of action. The defendant now comes into court and alleges other facts, occurring since the causes of action accrued, which amount to a bar for the present, but not one necessarily permanent. If the motions had been to dismiss, based upon facts apparent on the record, they would have raised questions of law. Belknap v. Gibbons, 13 Met. 471, at 474. Paraboschi v. Shaw, 258 Mass. 531, at 532. Matter of Ulmer, 268 Mass. 373, at 390. Stein v. Canadian Pacific Steamships, Ltd., Mass. Adv. Sh. (1937) 1541, at 1543.
Where, however, a motion relies on facts outside the record, a question of fact is involved. Such is the law as to pleas and answers in abatement. Nye v. Liscomb, 2 Pick *441 263, at 265, 266. Amidown v. Peck, 11 Met. 467, at 468. Crosby v. Harrison, 116 Mass. 114, at 117. Paraboschi v. Shaw, 258 Mass. 531, at 532. Second National Bank v. Leary, 284 Mass. 321, at 325. Tyler v. Boot & Shoe Workers Union, 285 Mass. 54, at 55. Stein v. Canadian Pacific Steamships Ltd., Mass. Adv. Sh. (1937) 1541, at 1543. Summers v. Boston Safe Deposit & Trust Co., Mass. Adv. Sh. (1938) 1461, at 1462. Such also, is the law as to pleas in bar. Davis v. Carpenter, 172 Mass. 167, at 172, 173, White v. E. T. Slattery Co., 236 Mass. 28, at 32, 35.
The defendant relies upon an injunction which is only partially prohibitive. It does not enjoin all actions against the defendant but specifically excepts one class of actions from its scope. That exception is contained in the prohibiting clause of the injunction. The defendant, therefore, had an affirmative duty to plead and prove that the cases, to which it was attempting to apply the injunction, are not within the exception of the injunction. It was not the duty of the plaintiffs to prove that their cases were outside of the injunction. The burden of the defendant was to prove that the plaintiffs’ cases were within its prohibition, Williams v. Hingham &c., Turnpike, 4 Pick. 341, at 347, 348. Commonwealth v. Hart, 11 Cush. 130, at 134, 135, 137. Lunt v. Aetna Ins. Co., 253 Mass. 610, at 615, 616. Ansell v. Boston, 254 Mass. 208, at 211, 212.
According to the report, the defendant offered no evidence in support of its motion, other than the copy of the injunction. The trial judge, on this state of the case, could have found that the defendant had not borne the burden of proof placed upon it. Davis v. Carpenter, 172 Mass. 167, at 172. A decision on such a motion imports a trial of fact upon evidence. Summers v. Boston Safe Deposit & Trust Co., Mass. Adv. Sh. (1938) 1461, at 1462.
*442 The report shows nothing which compelled the trial judge to treat the matter as one of law. The issue could properly have been disposed of by him as one of fact.
The defendant does not show any prejudicial error. The report is to be dismissed.