Putnam, C. J.
The defendant is a West Virginia corporation and it operates a hotel in that state. It will be hereinafter referred to as the hotel. The plaintiff, hereinafter called Ripley, is an inhabitant of Massachusetts.
By writ dated May 1, 1940, the hotel sued Ripley in contract in this court for unpaid hotel bills. Its attorneys were Messrs. Avery, Dooley, Post and Carroll, a well known firm, or aggregation of lawyers, which frequently appears in cases in this court. Ripley appeared generally, by counsel, and filed an answer to the merits. That case has never been tried and is still pending. It is No. 126747 on the docket of this court.
By writ dated June 21, 1940, Ripley brought the case at bar in this court against the hotel. It is an action of tort in which he seeks to recover expenses which he has *28 incurred for medicine, medical attendance and nursing for Ms wife consequent on an accident she suffered because of the defendant’s negligence in maintaining its hotel.
The report recites that “A copy of the writ with the officer’s return is annexed hereto, marked A”. No copy of the writ is annexed to the report. There is an annex marked “A” which reads as follows:
“Herbert S. Avery, Esq., 177 State St., Boston, as attorney for White Sulphur Springs, Inc., in case which is already pending against the plaintiff, Lawrence M. Ripley.”
An examination of the original writ, and the other original papers, shows no such return. The return actually made on the original writ is as follows:
“Suffolk, ss Boston, June 26, 1940.
By virtue of this writ I tMs day attached a chip as the property of the witMn named defendant corporation White Sulpher Springs, Inc. and afterwards on the same day summoned it to appear and answer at Court as within directed, by delivery to Herbert S. Avery, Esq., as its attorney a summons together with an attested copy of this writ. Thomas J. Hynes, Deputy .Sheriff”, together with a statement of fees for service, travel and copy.
The hotel, by Avery, Dooley, Post and Carroll, its attorneys, filed a document entitled “Plea in Abatement” in wMch it asked that the action be abated because “no proper service of process was made on the defendant.” After a hearing, at which no evidence was introduced, the single justice sustained the plea in abatement and now reports that action to this division.
G-. L. (Ter. -Ed.) C. 227, see. 2 is- in part as follows:
“Section 2. If an action is brought by a person not an *29 inhabitant of the commonwealth or who cannot be found herein to be served with process, he shall be held to answer to any action brought against him here by the defendant in the former action, if the demands are of such a nature that the judgment or execution in the one case may be set off against the judgment or execution in the other — ”
Section 3 of said chapter is as follows:
‘ ‘ Section 3. The writ in such cross-action may be served on the attorney of record for the plaintiff in the original action, and such service shall be as valid and effectual as if made on the party himself in the commonwealth.”
The alleged “Plea in Abatement” raised no issues of fact and none were heard or determined by the trial judge so far as the report shows. The proper remedy would seem to have been for the hotel to present a motion to dismiss. Paraboschi v. Shaw, 258 Mass. 531. Treating this pleading as a motion to dismiss we are of opinion that it was improperly granted. The fact that Avery, Dooley, Post and Carroll were the attorneys for the hotel in the first action (No. 126747) was not and could not be disputed. The writ in that action was endorsed “From the office of Avery, Dooley, Post & Carroll, 177 State Street, Boston”. The docket shows that the names “Avery, Dooley, Post & Carroll” were written by the clerk in the space allotted for the names of counsel opposite the name of White Sulphur Springs, Inc., the plaintiff. Manifestly each of the gentlemen named was an “attorney of record for the plaintiff in the original action.” There is, and can be no dispute that the Mr. Avery named therein is Herbert S. Avery, Esq., of the Boston bar. Service of the writ in the case at bar upon him was service “on the attorney of record for the plaintiff in the original action”, and the fact that the officer’s return (in spite of what is stated in annex “A” to *30 the report, quoted above) fails to recite that Mr. Avery was attorney for the hotel in the original action does not make the service upon him any the less effective or legal. Aldrich v. Blatchford, 175 Mass. 369, 372. “The justification (of the mode of service) lay in the facts, not in the allegation of the facts, and the allegation was necessary, if at all, only to show on the face of the record that the case was within the statute.”
The “demands” of the parties against each other, though one is in contract and the other is in tort, “are of such a nature” that, when ultimately liquidated, they will result in judgments for a certain number of dollars, and executions therefor can be readily set off against each other. See G. L. (Ter. Ed.) C. 235, sec. 27. The cases, therefore, fall squarely within the provisions of G. L. (Ter. Ed.) C. 227, sec. 2. The constitutionality of that statute, although contested by the hotel, is no longer open to question. Every point raised by the hotel is concluded against it by Aldrich v. Blatchford, supra.
The so-called “Plea in Abatement” must be overruled.
So ordered.