Nash, J.
Tort for personal injuries allegedly received by the plaintiff caused by the negligent operation of the defendant’s automobile on August 8, 1948. The defendant appeared specially and filed an answer in abatement alleging that neither the defendant nor his agent were operating ' a motor vehicle on the highways of the Commonwealth at the time and place complained of by the plaintiff. The trial court correctly found that the defendant had the burden of proof to substantiate his answer in abatement and reported the following evidence that appears undisputed ; that a resident of New Hampshire loaned his automobile, registered in New Hampshire to his daughter to drive to Boston to see a night baseball game; that his daughter parked the automobile on private land in a vacant lot, and that after the game a pedestrian, the plaintiff, alleges he was struck by the defendant’s automobile. The Court also found *“'as a fact that if the accident alleged did occur, it happened on private land.”
*7 Service of the writ was made on the Registrar of Motor Vehicles for the Commonwealth of Massachusetts in accordance with the provision of General Laws (Ter. Ed.) c. 90, § 3A, “with all provisions of which compliance was made.”
The trial court found for the defendant on his answer in abatement.
The plaintiff filed four requests for rulings which raise only the two questions:
(1) Defendant’s answer in abatement is not proper. (2) That the service given in accordance with General Laws (Ter. Ed.) c. 90, § 3A was sufficient to give the Court jurisdiction.
Every action at law is founded upon the writ and after the plaintiff has .stated the facts upon which he relies to establish his case the defendant may set up the defense upon which he depends to defeat the plaintiff’s claim. If this defense goes to the merits of the cause; that is, that there is no merit or substance to the plaintiff’s cause of action a plea in bar is the proper plea to be used. A defense in abatement, however, goes to the form of the writ, Whiton v. Balch, 203 Mass. 576, 578; White v. E. T. Slattery Co., 236 Mass. 28, 30, 31, and strives to show that for some reason the plaintiff has not properly commenced Ms action, and even though the defendant improperly describes the name of the defense used it will be treated by the Court not by the form used but by the substance presented. White v. E. T. Slattery Co., 236 Mass. 28, 31.
If the defense in abatement is evident on the face of the record in cases at law a motion to dismiss is the proper pleading but if the facts relied upon do not appear on the record and reliance is placed on such facts to defeat the action an answer in abatement is properly used. Smith v. Dexter, 121 Mass. 597, 599; Paraboschi v. Shaw, 258 Mass. *8 531, 532; Matter of Ulmer, 268 Mass. 373, 390; Adams v. Richardson, 268 Mass. 78, 80; Lowrie v. Castle, 198 Mass. 82; Tyler v. Boot & Shoe Workers Union, 285 Mass. 54, 55.
The answer in abatement was proper and the trial court correctly abated the action.
General Laws, c. 90, § 3, provides that subject to the provisions of Section 3 A a motor vehicle owned by a nonresident may be operated on the “ways of this' commonwealth” and Section 3 A states in part that the acceptance by such non-resident of these rights and privileges as evidenced by such operation “of a motor vehicle on a public way in, this commonwealth . . . shall be deemed equivalent to an appointment by him of the registrar . . . to be his true and lawful attorney upon whom may be served all lawful processes in any action or proceeding against him, growing out of any accident or collision in which such person or his agent may be involved, while operating a motor vehicle on such a way, and said acceptance or operation shall be a signification of his agreement that any such process against him which is so served shall be of the same legal force and validity as if served on him personally.” Section 3 0 provides the methods of serving such process.
There is no contention on the part of the defendant that the defendant did not receive actual notice from the registrar and the report does not state how such service was received. We assume actual personal service was given in accordance with Section 3 0 of Chapter 90. That leaves the single question as to whether such service is sufficient to give the Court jurisdiction over an accident which occurred on private property. We feel that the service was not sufficient. Chapter 90, Section 3 grants privileges of operation on the “ways” of the Commonwealth subject to Section 3 A which refers to operation on a “public way” of the Commonwealth and specifically refers to accidents *9 on “such ways” — that is — “public ways,” and provides for service on non-residents involved in accidents on such ways. Clearly this accident did not happen on a public way, but on private property.
“Way” is defined in General Laws (Ter. Ed.) c. 90, §1 as 1‘ any public highway, private way laid out under authority of statute, way dedicated to public use, or way under the control of park commissioners or body having like powers.”
This alleged accident did not occur on any of the “ways of the commonwealth” as those words are used in c. 90 of General Laws (Ter. Ed.). Opinion of the Justices, 251 Mass. 569, 572, 573, 603; Mullen v. Hartford Accident & Indemnity Co., 287 Mass. 262, 264; Adams v. American Employers Insurance Co., 292 Mass. 260; Phillips v. Stone, 297 Mass. 341, 342; Wheeler v. O’Connell, 297 Mass. 549, 553; Santa Maria v. Trotto, 297 Mass. 442; Terassi v. Peirce, 304 Mass. 409, 410.
In the recently decided case of O’Sullivan v. Brown, 171 Fed. 2nd 199, based upon an accident that happened in the State of Texas which State has a statute of similar import making the Chairman of the State Highway Commission, the attorney for service of process on non-residents who themselves or their agents operated on the “public highways or public streets” of Texas, the Court decided that such service made in conformity to their statute was not sufficient service to reach the defendant who was involved in an accident on a roadway, known as Grant Lane which ran through land of 435 acres belonging to the U. S. Government, enclosed entirely by fences and guarded by the military.
In discussing the constitutionality of the Massachusetts Statute, G. L. (Ter. Ed.) c. 90, $3 A, in the case of Hess v. Pawloski, the U. S. Supreme Court used these words:
*10 “The measure in question operates to require a nonresident to answer for his conduct in the State where arise causes of action alleged against him, as well as to provide for a claimant a convenient method by which he may sue to enforce his rights. Under the statute the implied consent is limited to proceedings growing-out of accidents or collisions on a highway in which the non-resident may be involved. It is required that he shall actually receive and receipt for notice of the service and a copy of the process. And it contemplates such continuances as may be found necessary to give reasonable time and opportunity for defense.”
We find no prejudicial error and the report is dismissed.